J-S56024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCISCO CARTAGENA | |
| Appellant | No. 2145 MDA 2013 |

Appeal from the PCRA Order of November 13, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0001133-2011

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 12, 2014**

Francisco Cartagena ("Cartagena") appeals, *pro se*, the November 13, 2013 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

A previous panel of this Court summarized the factual history of this case on direct appeal as follows:

> On November 3, 2009, Ronald George ("George") was in his apartment when he looked out of his window and observed Cartagena force open the front door of a neighboring apartment. George informed the apartment complex office of the break-in and the manager called the police.  George, a retired United States Navy combat photographer, then took pictures of Cartagena as he exited the apartment.  The police arrived at the apartment complex, but were unable to locate Cartagena.  The residents of the apartment reported various items missing from the house, including an iPod Touch with white headphones and

_____

[*]    Retired Senior Judge assigned to the Superior Court.

several pieces of costume jewelry. George gave his photographs to the police. The police provided the photographs to the local news media to display Cartagena's image. Cartagena was subsequently identified by people who knew him. Cartagena was arrested in New Jersey in March 2010, and extradited to Pennsylvania. Prior to trial, a mental health evaluation was conducted and it was determined that Cartagena was competent to stand trial.

*Commonwealth v. Cartagena*, No. 687 MDA 2012, slip op. at 1-2 (Pa. Super. Nov. 27, 2012). Additionally, the PCRA court summarized the procedural history of this case as follows:

Following a bench trial, [Cartagena] was found guilty but mentally ill of burglary[1] and related offenses. He was subsequently sentenced to serve a term of forty-two months to twenty years of incarceration in a state correctional facility. On April 4, 2012, [Cartagena, through counsel,] filed a post-sentence motion challenging the weight of the evidence. That motion was denied by [the trial court] on April 5, 2012. [Cartagena] then filed a direct appeal to this Court, which affirmed his judgment of sentence on November 27, 2012.

    [1] 18 Pa.C.S. § 3502(a).

On January 13, 2013, [Cartagena] timely filed a *pro se* petition for post-conviction collateral relief. [Counsel] was appointed on January 22, 2013 to represent [Cartagena] regarding the disposition of the PCRA petition. After his careful review of the record, counsel was directed to file either an amended petition pursuant to Pa.R.Crim.P. 905 detailing [Cartagena's] eligibility for relief, or a [***Turner/Finley***] petition detailing the reasons why the [PCRA court] should allow counsel to withdraw.[1]

PCRA counsel reviewed the entire official file and corresponded with [Cartagena]. Thereafter, on June 11, 2013, [Cartagena's] PCRA counsel filed a petition for leave of court to withdraw as

---

[1]   ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

counsel and filed a brief in support of said petition. Within the [*Turner*/*Finley*] petition, counsel expressed that after a careful review of the record, in his professional judgment, there were no meritorious issues that could be raised within [Cartagena's] petition based on all relevant excerpts from the record.

PCRA Court Order, 10/4/2013, at 1-2 (footnote omitted).

On October 4, 2013, the PCRA court entered an order notifying Cartagena that the court intended to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The order also permitted Cartagena's PCRA counsel to withdraw his appearance. The court dismissed Cartagena's PCRA petition on November 13, 2013. On November 26, 2013, Cartagena filed a notice of appeal.

In response, the PCRA court ordered Cartagena to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Cartagena filed his concise statement on December 23, 2013, in compliance with the PCRA court's twenty-one day deadline. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on January 7, 2014, in which the court incorporated the rationale that it set forth for denying the petition in its October 4, 2013 order and notice of intent to dismiss.

Cartagena raises the following issue on appeal:

Whether the lower court abused its power on not handing down a not guilty [verdict] once the eyewitness[es] stated that they never [saw Cartagena] commit any crime.

Brief for Cartagena at 5 (capitalization modified).

Our standard of review for PCRA claims is well-settled:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations.

***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citations omitted).

Based upon our review of his principal brief and reply brief, the latter of which is nearly incomprehensible, we discern that Cartagena is raising a challenge to the sufficiency of the evidence. Brief for Cartagena at 3 ("There was [no] evidence no photos no fingerprints no eyewitnesses that [saw Cartegena] commit any crime."); 4 ("[Cartegena] is saying that [it] is not a crime walking on a sidewalk at any apartment complex."); and 6 ("[Cartegena] challenges the sufficiency of the evidence for conviction. . . . "). We first must determine whether such a claim is cognizable under the PCRA. For the reasons that follow, we conclude that it is not.

The PCRA specifically permits challenges asserting: (1) constitutional violations, (2) ineffective assistance of counsel, (3) an unlawful inducement of a guilty plea, (4) obstruction of a defendant's right to an appeal, (5) newly discovered exculpatory evidence that was not available at the time of the trial, (6) an imposition of a sentence greater than the lawful maximum, and (7) a lack of jurisdiction. 42 Pa.C.S. § 9543(a)(2). Notably, a challenge to the sufficiency of the evidence is not included in this exhaustive list. Moreover, this Court has consistently held that challenges to the sufficiency

of the evidence are not cognizable under the PCRA. ***See generally Commonwealth v. Price***, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); ***Commonwealth v. Bell***, 732 A.2d 611 (Pa. Super. 1998) (holding that sufficiency claims not cognizable under the PCRA). Because Cartagena raises only a sufficiency challenge, this issue is not cognizable under the PCRA.[2]

Moreover, even if a challenge to the sufficiency of the evidence was a cognizable claim under the PCRA, Cartagena has failed to prove by a preponderance of the evidence that his claims were not previously litigated or waived as required by the PCRA. 42 Pa.C.S. § 9543(a)(3). An issue is considered waived under the PCRA if a petitioner could have raised the issue either before, during, or after trial, during a unitary review, appeal, or a prior post-conviction proceeding. 42 Pa.C.S. § 9544(b).

_____

[2] In his reply brief, Cartagena makes a reference to ineffective assistance of counsel. Even if we ignore the fact that it is procedurally impermissible to raise a new issue in a reply brief, ***see Commonwealth v. Basemore***, 744 A.2d 717, 726 (Pa. 2000) (stating that a reply brief is "an inappropriate means for presenting a new and substantively different issue than that addressed in the original brief,"), Cartagena is limited on appeal only to the issues that he raised in his concise statement. In his statement, Cartagena did not raise any issues relating to ineffective assistance of counsel.

At no point prior to this appeal did Cartagena raise any issues relating to the sufficiency of the evidence presented at trial, even though he could have done so on direct appeal. Therefore, the issue is waived pursuant to 42 Pa.C.S. § 9544(b).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014