J-S62045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JIMMIE L. WALLACE | |
| Appellant | No. 2274 MDA 2015 |

Appeal from the PCRA Order December 14, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001076-2011;
CP-22-CR-0001242-2011

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED NOVEMBER 01, 2016**

Appellant, Jimmie L. Wallace, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied his third petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are summarized as follows.  On February 21, 2011, Appellant sucker-punched the victim while the victim was sitting and watching television at the bar of S&D's Lounge in Harrisburg.  Police were called to the scene.  When they arrived, the victim appeared to be conscious, but he was unresponsive.  The victim had suffered a head injury and was bleeding from his mouth and ear.  An

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

ambulance transported the victim to Hershey Medical Center where a CAT scan revealed a subdural hemorrhage and a fracture through the small bone behind the right ear and the temporal bone. Upon release from the hospital, the victim continued to suffer from headaches and hearing loss. Later, when giving a statement on why he punched the victim, Appellant answered "for no reason."

A jury convicted Appellant of aggravated assault on April 5, 2012, and the court sentenced him to ten to twenty years' incarceration on April 25, 2012. Appellant filed a *pro se* direct appeal. On April 9, 2013, this Court directed the trial court to conduct a **Grazier** hearing, which the court held on April 23, 2013. The court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel on appeal. On July 8, 2013, this Court affirmed the judgment of sentence; the Supreme Court denied allowance of appeal on February 20, 2014. **See Commonwealth v. Wallace**, 82 A.3d 1058 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 624 Pa. 682, 86 A.3d 233 (2014). Appellant sought no further review.

Instead, on March 5, 2014, Appellant *pro se* filed his first PCRA petition. In his first PCRA petition, Appellant argued that the evidence was insufficient to support his conviction for aggravated assault, as the Commonwealth failed to prove the essential element of intent. The PCRA court appointed counsel on March 13, 2014, and counsel filed a no merit

- 2 -

letter and petition to withdraw on April 9, 2014. Appellant *pro se* filed an amended PCRA petition on May 5, 2014, which the court dismissed on May 14, 2014. This petition repeated Appellant's claim of insufficient evidence, arguing that there was no proof of intent and that there were conflicting accounts of the incident. The court granted counsel's petition to withdraw and issued notice per Pa.R.Crim.P. 907 on October 3, 2014. On November 13, 2014, the PCRA court dismissed Appellant's first PCRA petition. Appellant sought no further review.

Instead, Appellant *pro se* filed his second PCRA petition on December 4, 2014. In this petition, Appellant claimed prosecutorial misconduct, trial court abuse of discretion, and imposition of an illegal sentence. On February 2, 2015, Appellant filed a supplemental PCRA petition, in which he expanded on these claims. Appellant first argued his conviction was based on evidence that the prosecution knew was false. Appellant then argued the court erred when it denied his motion to dismiss for insufficient evidence. Finally, Appellant asserted that his mandatory sentence was illegal under **Alleyne**. On March 4, 2015, the PCRA court dismissed Appellant's second PCRA petition.[2] Appellant sought no further review.

---

[2] The record indicates the PCRA court did not issue Rule 907 notice before it dismissed Appellant's second PCRA petition. Appellant, however, did not challenge the lack of Rule 907 notice on an appeal, which constitutes waiver of any rule-related claim. **See Commonwealth v. Boyd**, 923 A.2d 513, 514 n. 1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

Instead, on April 6, 2015, Appellant *pro se* filed his current, third PCRA petition. In this petition, Appellant again argued a claim of manufactured evidence and, under ***Alleyne***, he was sentenced to an illegal mandatory minimum sentence because the elements of the offense were not proven beyond a reasonable doubt. The court issued Rule 907 notice on November 24, 2015, and on December 4, 2015, Appellant filed a *pro se* response. Ultimately, the PCRA court dismissed Appellant's third PCRA petition as untimely on December 15, 2015.

On December 23, 2015, Appellant filed a timely *pro se* notice of appeal and on January 7, 2016, the court ordered him to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant filed his Rule 1925(b) statement on January 27, 2016, raising issues of timeliness of his third petition, fraud on the court, prosecutorial misconduct, abuse of discretion, and illegal sentence.

We take Appellant's issues directly from his *pro se* brief:

> WHETHER THE PCRA COURT'S DETERMINATION THAT PETITIONER'S PCRA, FILED 4/6/2015, UPON THE COURT'S FINAL ORDER OF 11/13/2014, WAS UNTIMELY PURSUANT TO THE POST-CONVICTION RELIEF ACT, AND WHETHER THE [PCRA] COURT'S DETERMINATION IS FREE OF ERROR?
>
> ACCORDING TO THE PENNSYLVANIA CONSTITUTION ARTICLE 1 §§ 9 AND 26, [APPELLANT'S] RIGHT TO APPEAL SHALL FOREVER REMAIN INVIOLATE, FURTHER, [NEITHER] THE COMMONWEALTH NOR ANY SUBDIVISION THEREOF SHALL ABRIDGE [APPELLANT'S] RIGHT TO APPEAL HIS WRONGFUL CONVICTION, NOR HIS ILLEGAL SENTENCE. SHALL IT NOT BE DEEMED

UNCONSTITUTIONAL, WHEREAS, THE 14TH AMENDMENT TO OUR UNITED STATES CONSTITUTION REQUIRES THE COMMONWEALTH TO PROVE EACH ELEMENT OF AN OFFEN[S]E CHARGED BEYOND A REASONABLE DOUBT, AND A [COURT] OF OUR COMMONWEALTH CONCLUDES AN ESSENTIAL ELEMENT OF AN OFFEN[S]E CHARGED SHALL NOT BE REQUIRED?

(Appellant's Brief at 2-3).

As a prefatory matter, we observe the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

To be eligible for relief under the PCRA, the petitioner must plead and prove his conviction resulted from one or more of the grounds set forth in 42 Pa.C.S.A. § 9543(a)(2)(i-viii). *Commonwealth v. Zook*, 585 Pa. 11, 887 A.2d 1218 (2005). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006) (holding petitioner's challenge to sufficiency of evidence is not cognizable under PCRA); *Commonwealth v. Bell*, 706 A.2d 855 (Pa.Super. 1998), *appeal*

*denied*, 557 Pa. 624, 732 A.2d 611 (1998) (stating sufficiency of evidence claims are not cognizable under PCRA). Straightforward challenges to the sufficiency and weight of the evidence are not enumerated errors listed in the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(i-viii).

Additionally, the PCRA petitioner must plead and prove his allegation of error has not been previously litigated or waived, and "the failure to litigate the issue prior to or during trial or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(4); **Commonwealth v. Jones**, 597 Pa. 286, 291, 951 A.2d 294, 298 (2008). "A claim previously litigated in a direct appeal is not cognizable under the PCRA." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa.Super. 2000). A claim is previously litigated under the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S.A. § 9544(a)(2); **Commonwealth v. Daniels**, 600 Pa. 1, 16, 963 A.2d 409, 419 (2009). Further, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state [post-conviction] proceeding." 42 Pa.C.S.A. § 9544(b).

Recently in **Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810 (2016), the Pennsylvania Supreme Court addressed whether **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) applied retroactively on collateral review. The **Washington** Court stated:

[A] new rule of law does not automatically render final, pre-existing sentences illegal. A finding of illegality concerning such sentences may be premised on such a rule only to the degree that the new rule applies retrospectively. In other words, if the rule simply does not pertain to a particular conviction or sentence, it cannot operate to render that conviction or sentence illegal. …

\* \* \*

[N]ew constitutional procedural rules generally pertain to future cases and matters that are pending on direct review at the time of the rule's announcement.

*Id.* at 814-15. Applying the retroactivity analysis of ***Teague v. Lane***, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the ***Washington*** Court held the ***Alleyne*** rule is not a substantive or watershed procedural rule that would warrant retroactive application on collateral review. ***Washington, supra*** (holding ***Alleyne*** does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). Finally, an appellate court may affirm the order of the trial court on any basis as long as the ultimate decision is correct. ***Commonwealth v. Reese***, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*).

Instantly, contrary to the PCRA court's conclusion, Appellant timely filed his third and current PCRA petition. The Supreme Court denied allowance of appeal on February, 20, 2014, giving Appellant 90 days, or until May 21, 2014, to file a petition for a writ of *certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3) Appellant's judgment of sentence therefore became final on May 21, 2014. Based on that date,

Appellant had until May 21, 2015, to file any PCRA petitions (not March 20, 2015, as the PCRA court calculated). *See Hackett, supra*; 42 Pa.C.S.A § 9545(b)(1). Appellant filed his first PCRA petition on March 5, 2014. After the PCRA court dismissed this petition on November 13, 2014, Appellant filed his second PCRA petition on December 4, 2014. Appellant's second PCRA petition was dismissed on March 4, 2015. Appellant filed his current, third PCRA petition on April 6, 2015, which the court later dismissed on December 15, 2015, as untimely. All of Appellant's PCRA petitions were filed by May 21, 2015, within the one year time limit. Thus, the court erred in dismissing Appellant's third PCRA petition as untimely.

Nevertheless, Appellant again challenges the sufficiency of the evidence and other evidentiary issues, as if on direct appeal, so Appellant's issues are not cognizable under the PCRA. *See Price, supra*; *Bell, supra*. Moreover, Appellant raised similar or identical issues related to the sufficiency of the evidence and other evidentiary matters in prior PCRA petitions, and the various courts ruled against Appellant. Therefore, Appellant's current sufficiency of the evidence challenge can be deemed previously litigated. *See Daniels, supra*. Likewise, to the extent Appellant reinterprets his prior claims, he could have raised them on direct appeal or in his prior PCRA petitions, so they are waived. *See* 42 Pa.C.S.A. § 9544(b).

Finally, *Alleyne* provides Appellant with no relief for two reasons. First, *Alleyne* does not apply retroactively on collateral review to Appellant's

claim that his sentence is "illegal," as this claim is entangled with his sufficiency of the evidence challenge. **See Washington, supra**; **Zook, supra**; **Price, supra**. Second, Appellant received no mandatory minimum sentence in any event. Accordingly, we affirm, albeit on other grounds.[3] **See Reese, supra**.

     Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016

---

[3] Due to our disposition, we deny all six of Appellant's open motions for review, relief or remand.