J-S75043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES MOBLEY, | : | |
| | : | |
| Appellant | : | No. 805 EDA 2016 |

Appeal from the PCRA Order February 11, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0014476-2008

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED DECEMBER 05, 2016**

Charles Mobley ("Mobley") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal.  **See** PCRA Court Opinion, 2/11/16, at 1-3.  On February 11, 2016, the PCRA court entered an Order dismissing the Petition.  This timely appeal followed.

On appeal, Mobley raises the following issue for our review: "[w]hether the Commonwealth presented insufficient evidence to support the jury's conviction of [Mobley] on the charges of third[-]degree murder and

_____

[1] **See** Pa.C.S.A. §§ 9541-9546.

possession of an instrument of crime, beyond a reasonable doubt?" Brief for Appellant at 4.[2]

We first must determine whether Mobley's claim is cognizable under the PCRA. The PCRA specifically permits challenges asserting (1) constitutional violations; (2) ineffective assistance of counsel; (3) an unlawful inducement of a guilty plea; (4) obstruction of a defendant's right to an appeal; (5) newly discovered exculpatory evidence that was not available at the time of the trial; (6) an imposition of a sentence greater than the lawful maximum; and (7) a lack of jurisdiction. **See** 42 Pa.C.S.A. § 9543(a)(2). Notably, a challenge to the sufficiency of the evidence is not included in this exhaustive list. Moreover, this Court has consistently held that challenges to the sufficiency of the evidence are not cognizable under the PCRA. **See Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005) (rejecting a sufficiency claim that was raised on PCRA appeal without an ineffective assistance of counsel analysis because it is not cognizable under the PCRA); **see also Commonwealth v. Bell**, 706 A.2d 855, 861 (Pa. Super. 1998) (holding that sufficiency claims are not cognizable under the PCRA). Because Mobley raises only a sufficiency challenge, which is not cognizable under the PCRA, we cannot grant him relief on this issue.

---

[2] Pursuant to Pa.R.A.P. 2116(a), "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Accordingly, to the extent that Mobley has attempted to raise other issues in the Argument section of his brief, which were not stated in his Statement of Questions Presented, we are precluded from addressing them.

Moreover, the sole issue that Mobley presents for our review is the same issue that he raised on direct appeal. *See Commonwealth v. Mobley*, 26 A.3d 1203 (Pa. Super. 2011) (unpublished memorandum). On direct appeal, this Court held that there was sufficient evidence to support Mobley's convictions. *See id*. (unpublished memorandum at 2). Because the sole issue raised by Mobley has been previously litigated, it is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that a petitioner must plead and prove by a preponderance of the evidence that the allegation of error has not been previously litigated); *see also Commonwealth v. Spotz*, 18 A.3d 244, 281 (Pa. 2011) (recognizing that a claim that has been previously litigated is not cognizable under the PCRA). Thus, for this additional reason, we cannot grant Mobley relief on this issue.[3]

For these reasons, we affirm the Order dismissing Mobley's Petition, albeit for different reasons. *See Commonwealth v. Doty*, 48 A.3d 451, 456 (Pa. Super. 2012) (holding that this Court is not bound by the rationale of the PCRA court and may affirm on any basis).

Order affirmed.

---

[3] We further observe that Mobley's claim on appeal was not raised in either his *pro se* Petition or in the "no merit" letter submitted by his PCRA counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). Mobley failed to seek the PCRA court's permission to amend his PCRA Petition to include the claim he now presents on appeal. Thus, even if this claim had been cognizable under the PCRA, we would have concluded that it is waived. *See Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015) (ruling that the appellant had waived the claim for failure to raise it in his PCRA petition or in an authorized amended PCRA petition).

J-S75043-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

- 4 -

Received

FEB 11 2016

Office of Judicial Records
Appeals/Post Trial

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :   CP-51-CR-00014476-2008

               v.                            :

CHARLES MOBLEY                     :

## ORDER AND OPINION

McDermott, J.                                          February 11, 2016

### Procedural History

On August 6, 2008, the Petitioner, Charles Mobley, was arrested and charged with Murder and related charges. On August 31, 2009, the Petitioner appeared before the Honorable Carolyn Temin and elected to be tried by a jury. On September 8, 2009, the jury found the Petitioner guilty of Third-Degree Murder and Possession of an Instrument of Crime ("PIC").[1]

The trial court deferred sentencing until October 21, 2009, for a drug evaluation and mental health and pre-sentencing reports. On November 9, 2009, Judge Temin sentenced the Petitioner to ten to twenty years for Third-Degree Murder and a consecutive sentence of one to five years for PIC, for a total sentence of eleven to twenty-five years imprisonment.

On December 21, 2009, the Petitioner filed a timely Notice of Appeal. On March 25, 2011, Superior Court found the evidence sufficient for Third-Degree Murder and PIC and affirmed the judgment of sentence.

---

[1] All other charges were *nolle prossed.*

On February 3, 2012, the Petitioner filed a timely Post-Conviction Relief Act ("PCRA") petition. On June 18, 2012, David Rudenstein was appointed as PCRA counsel and entered his appearance. On December 19, 2015, PCRA counsel filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and a motion to withdraw. On December 21, 2015, this matter was assigned to this Court. On January 8, 2016, this Court, upon independent review, also found the Petitioner's claim meritless and filed a Notice of Intent to Dismiss under Pa.R.Crim.P. 907. Petitioner did not file a response to the 907 Notice.

**Facts**:

The facts, as stated by the trial court in its February 18, 2010 Opinion, are as follows:

> On June 20, 2008, Gerald Woods ("Woods") punched Lavell Cooper ("Cooper") in the face. Cooper was treated for a broken jaw at Thomas Jefferson Hospital. While Cooper was in the hospital, his long-time friend [the Petitioner] visited him.
>
> The next day, June 21, 2008, at approximately 10:25 a.m., Woods was shot three times while he was sitting in his car at 5th and Morris Streets. He was pronounced dead later that day as a result of multiple gunshot wounds—one to his right ribcage that caused massive damage to his liver, one that hit his brachial artery in his left arm, and another that went through his upper right arm.
>
> A few minutes before the shooting, Jacob Tart ("Tart") noticed his friend Woods in his car and stopped to say hello. They had a brief conversation and when Tart walked away, he passed [the Petitioner], who he had known for a year, on the street. Approximately ten seconds later, Tart heard gunshots. He turned around and saw [the Petitioner] firing a gun at Woods' car.
>
> On the morning of June 21, 2008, John Richardson ("Richardson"), Regina Capelle ("Capelle"), and Dianna Doiel ("Doiel") were inside Richardson's house four doors down from where the shooting took place. They heard gunshots and ran outside. Although he could not identify a particular person, Richardson saw a man wearing a white t-shirt and jeans pointing a gun at Woods' car. Richardson saw the shooter run down Morris Street past a laundromat. Capelle also saw the shooter wearing a white t-shirt and jeans run past the laundromat, although she later incorrectly identified another man in a photo[graphic] array.
>
> San Kim ("Kim") owns the laundromat on the corner of 5th and Morris. On June 21, 2008, Kim was in her laundromat when she

2

heard gunshots and ducked down behind a washing machine. She looked out the window next to the machine and saw a person wearing a white t-shirt and jeans run down Morris Street. She identified this person as [the Petitioner], whom she knew from the neighborhood because he walked by her store almost every day and had actually been in her store several times.

Trial Court's February 18, 2010 Opinion.

**Issues**:

Petitioner asserts that trial counsel was ineffective for failing to file a motion to dismiss under Pa.R.Crim.P. 600, the "speedy trial" rule, which requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint. *See Commonwealth v. Roles, infra.* To obtain relief based on a claim of ineffective assistance of counsel, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is strongly presumed, however, to have rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013).

To overcome this strong presumption, the Petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test applies by looking to three elements: (1) whether the underlying claim has arguable merit; (2) whether a reasonable basis existed for counsel's actions or failure to act; and (3) whether the petitioner has shown that he suffered prejudice as a result of counsel's lapse, i.e., that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Bennett*, 57 A.3d 1185, 1195–96 (Pa. 2012) (*citing Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). Failure to satisfy any prong of this test for ineffectiveness will

3

require rejection of the claim. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. Super. 2003). If a claim fails under any necessary element of the *Strickland* test, the court may proceed to that element first. *Bennett*, 57 A.3d at 1196. A "claim has arguable merit where the factual averments, if accurate, could establish cause for relief." *Commonwealth v. Pander*, 100 A.3d 626, 631 (Pa. Super. 2013).

In the case at bar, Petitioner's underlying claim has no arguable merit. In *Commonwealth v. Roles*, the court explained that under Rule 600, a defendant is not automatically entitled to discharge where trial starts more than 365 days after the filing of the complaint. 116 A.3d 122, 124 (Pa. Super. 2015):

> Rule 600 provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time.[2] The adjusted run date is calculated by adding to the mechanical run date, i.e., the date 365 days from the complaint, both excludable and excusable delay. Excludable time includes delay caused by the defendant or his lawyer.

*Id.* (internal citations and quotation marks omitted); Pa.R.Crim.P. Rule 600.[3]

The criminal complaint was filed on August 6, 2008. Petitioner's trial began 390 days later on August 31, 2009. However, on February 26, 2009, Judge Temin ruled time excludable from March 16, 2009 to August 31, 2009—a total of 168 days—making the adjusted run date 533 days. Thus, there was no Rule 600 violation as the Petitioner's trial commenced well before the adjusted run date expired.

---

[2] Excusable delay "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Commonwealth v. Goldman*, 70 A.3d 874, 880 (Pa. Super. 2013).

[3] The current Rule 600 was effective July 1, 2013. The criminal complaint in the instant matter was filed prior to the effective date of the current rule. Thus, this Opinion will address the Petitioner's claim under the previous Rule 600. *See Commonwealth v. Roles*, 116 A.3d 122 (Pa. Super. 2015) (which also addressed a speedy trial issue with the prior Rule 600 after the new rule was effective).

4

For the foregoing reasons, Petitioner's petition is DENIED. PCRA counsel's request to withdraw is GRANTED. Petitioner is hereby notified that he has thirty (30) days from the date of this Opinion and Order to file an appeal with Superior Court.

BY THE COURT

_Barbara McDermott_
Barbara A. McDermott, J.

5