J-S50015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THOMAS MOORE | |
| Appellant | No. 921 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1105912-2003

BEFORE: PANELLA, J., MOULTON, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 03, 2017**

Appellant, Thomas Moore, appeals *pro se* from the order dismissing his latest *pro se* petition—his fourth—filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

The PCRA court summarized the relevant facts and procedural history as follows:

> On April 10, 2006, following a non-jury trial before the Honorable Chris R. Wogan, [Moore] was convicted of robbery and theft charges. On July 12, 2006, [Moore] was sentenced to a term of ten to twenty years' incarceration. The Superior Court affirmed the judgment of sentence on January 8, 2008, and the Pennsylvania Supreme Court denied *allocator* on July 10, 2008.
>
> On November 5, 2008, [Moore] timely filed his first *pro se* PCRA petition. David S. Rudenstein, Esquire was appointed [and] subsequently filed a [**Turner**/**Finley**] no-merit letter. The PCRA court denied the petition on September 24, 2009 and granted counsel leave to withdraw. [Moore] did not appeal the denial of relief.

On April 26, 2012, [Moore] filed his second *pro se* PCRA petition. On April 1, 2014, the PCRA court dismissed the untimely petition. [Moore's] appeal was dismissed by the Superior Court for failure to substantially comply with the Rules of Appellate Procedure.

On August 31, 2015, [Moore] filed his third *pro se* PCRA petition. On June 1, 2016, the PCRA court dismissed his petition as untimely. [Moore] did not appeal the dismissal.

On June 13, 2016, [Moore] filed the instant *pro se* PCRA petition, his fourth. [Moore] subsequently submitted numerous supplemental filings. Pursuant to the Pennsylvania Rule of Criminal Procedure 907, [Moore] was served notice of [the PCRA court's] intention to dismiss his PCRA petition on September 9, 2016. [Moore] submitted numerous responses to the Rule 907 notice. On January 5, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 3/31/17, at 1-2 (footnotes omitted).

Prior to reaching the merits of Moore's claims, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

- 2 -

Instantly, Moore's judgment of sentence became final on October 8, 2008, when his time for seeking a *writ of certiorari* with the United States Supreme Court expired. His fourth PCRA petition, filed over seven years later on June 13, 2016, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Moore's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. **See Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007). **See also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Our review of the record reveals that Moore has failed to successfully plead any of the exceptions to the PCRA's time bar. Through his petition, Moore attempts to plead an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(iii); *i.e.*, a newly announced constitutional right. **See** PCRA Petition, filed 6/13/16. Moore claims the United States Supreme Court's holding in **Welch v. United States**, 136 S.Ct. 1257 (2016), mandates that **Alleyne v. United States**, 133 S.Ct. 2151 (2013), be applied retroactively to *all* cases on collateral review.

There are three problems with Moore's position. First, Moore's reliance on **Welch** is entirely misplaced. The sole purpose of the **Welch** decision was to determine whether **Johnson v. United States**, 135 S.Ct. 2551 (2015), applied retroactively to cases on collateral review. In **Johnson**, the Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague. Obviously, Moore was not sentenced under this provision; thus, the **Welch** holding mandating retroactive invalidation of sentences pursuant to § 924(e)(2)(B)(ii) has no bearing on Moore's sentence. Second, neither **Welch** nor **Johnson** even addresses **Alleyne** and thus cannot reasonably be found to mandate the retroactive application of **Alleyne**. Finally, Moore fails to assert this exception in his appellate brief. By abandoning his argument, he has waived all claims that the newly discovered constitutional right exception applies to his PCRA petition. **See Commonwealth v. Price**, 876 A.2d 988, 996 (Pa. Super. 2005) (holding that an issue identified on appeal, but not developed in an appellate brief is waived).

Additionally, in his appellate brief, Moore attempts to raise the governmental interference exception to the PCRA time bar, **see** 42 Pa.C.S.A. § 9545(b)(1)(i), by asserting that a detective suppressed a promissory

note.[1] *See* Appellate Brief, at 3. In order for a petitioner to obtain relief from the PCRA's time bar under this exception, he must plead that there was governmental interference that prevented him from presenting his claim. Moore, however, failed to raise this issue in his petition. *See* PCRA Petition, filed 6/13/16. While Moore did raise this issue with the PCRA court in a series of responses to the PCRA court's Rule 907 notice, he failed to plead or prove that he filed his petition within 60 days of discovering the governmental interference or the newly discovered evidence. Thus, he has waived this issues on appeal. *See Burton*, 936 A.2d at 525; 42 Pa.C.S.A. § 9545(b)(2).

In sum, Moore's latest PCRA petition is patently untimely, and he has failed to plead and prove an exception to the time bar. Therefore, the PCRA court properly concluded that it lacked jurisdiction and correctly denied Moore post-conviction relief.

Order affirmed.

---

[1] Through his appellate brief, Moore also asserts that he was raped in prison immediately prior to the waiver trial and trial counsel was ineffective for failing to inform the trial court. *See* Appellant Brief, at 12. This allegation, while disturbing, does not establish a time-bar exception. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.")

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/3/2017*