J-S08035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL LEE STOVALL | : | |
| | : | No. 1170 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order July 14, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003162-2013

BEFORE: LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    FILED MARCH 13, 2018

Appellant Daniel Lee Stovall appeals from the Order entered in the Court

of Common Pleas of Erie County on July 14, 2017, denying his petition filed

pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

A prior panel of this Court set forth the relevant facts and procedural

history herein as follows:

> On September 14, 2013, at 2:28 a.m., Patrolman Bruce E.
> Kosko of the Erie Police Department responded to a report of an
> accident involving a vehicle crash into a house. When he arrived
> at the scene, he observed a Cadillac with damage to its rear
> resting against a house. Patrolman Kosko interviewed a witness
> who reported that he observed a dark-colored sedan driving in
> reverse at a high rate of speed strike the rear of the Cadillac. The
> Cadillac rolled for a distance and ran into the house; the sedan
> fled the scene. Patrolman Kosko also interviewed the owner of the
> Cadillac, who indicated that he did not park his vehicle in its
> present location and that there was no damage to it when he

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

* Former Justice specially assigned to the Superior Court.

parked it. Based on this information, at 2:45 a.m., Patrolman Kosko issued a radio dispatch report for police to be on the lookout for a dark-colored sedan, possibly with heavy rear-end damage.

Approximately one hour later, Lieutenant Mark Sanders observed Appellant's vehicle, a silver sedan with heavy rear-end damage, traveling on a street located approximately seven blocks from the scene of the collision. He stopped Appellant's vehicle and radioed for backup. Appellant exhibited signs of intoxication including slurred speech and an odor of alcohol; he could not stand on his own, and immediately failed a field sobriety test. Police arrested Appellant and called an ambulance for his front seat passenger, who was unresponsive and nearly unconscious. Although Appellant initially consented to a blood draw, police deemed it unsafe to administer after he became belligerent at the hospital.

On February 4, 2014, Appellant filed a motion to suppress evidence, claiming that the stop of his vehicle was illegal. The court entered an opinion and order denying the motion on April 7, 2014, following a hearing.

On the morning of trial, June 9, 2015, Appellant's appointed counsel of record filed a motion seeking pro hac vice admission of Robert F. DiCello, Esq., a member of the Ohio bar,[1] to represent Appellant in this case.[2] The trial court denied the motion and ordered Appellant's counsel of record to represent him at trial. However, it permitted Attorney DiCello to participate in Appellant's defense in an advisory capacity.

Appellant proceeded to trial and the jury found him guilty of DUI on June 10, 2015. On July 20, 2015, with the benefit of a pre-sentence investigation report (PSI),[3] the trial court sentenced Appellant to a term of not less than fourteen nor more than twenty-eight months' incarceration, a sentence in the standard range of the sentencing guidelines. The court denied Appellant's timely post-sentence motion on July 30, 2015. This timely appeal followed.[4]

_____

[1] Appellant resides in Ohio. (See N.T. Suppression Hearing, 4/03/14, at 3).

[2] See Pennsylvania Bar Admission Rule 301(b) (requiring, inter alia, that motions for pro hac vice admission be filed at least three days prior to appearance before court).

[3] The PSI revealed a previous DUI conviction in New York in 2006 and an operating a vehicle while intoxicated (OVI) conviction in Ohio in September 2012. (See Trial Court Opinion, 10/12/15, at 7; Appellant's Brief, at 9).

- 2 -

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on September 11, 2015. The court filed an opinion on October 12, 2015. See Pa.R.A.P. 1925.

Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum at 1-3 (Pa.Super. filed May 6, 2016).

Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court on June 1, 2016. The Supreme Court denied allowance of appeal on February 15, 2017.

On March 22, 2017, Appellant timely filed a PCRA petition pro se. Counsel was appointed and filed a "supplement" to Appellant's PCRA petition on May 1, 2017. On June 19, 2017, the PCRA Court filed its Notice of Intent to Dismiss PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907(1) and accompanying Opinion. On July 14, 2017, Appellant entered its Order denying Appellant's PCRA petition, and on August 10, 2017, Appellant filed a timely notice of appeal.

The PCRA court did not Order, and Appellant did not file, a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on August 16, 2017, the PCRA court filed what it titled "Memorandum Opinion" wherein it indicated it would be relying upon the reasoning it had set forth in its Opinion and Notice of Intent to Dismiss PCRA dated June 19, 2017, as its basis for its July 14, 2017, Order.

In his brief, Appellant presents the following seven issues for our review:

A. WHETHER THE APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO COMPLY WITH THE MANDATES FOR THE PROVISION OF PRO HAC VICE STATUS TO THE APPELLANT'S PRIVATELY RETAINED ATTORNEY?

B. WHETHER THE APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL WAS UTTERLY AND PATENTLY UNPREPARED FOR TRIAL GIVEN THAT HE HAD DEFERRED TO PRIVATELY RETAINED COUNSEL TO UNDERTAKE THE MATERIAL ASPECTS OF THE DEFENSE CASE AND THEN GIVEN THE FAILURE TO ACT TO SECURE PRO HAC VICE STATUS FOR SAID COUNSEL, HE WAS THEN PLACED IN THE UNTENABLE POSITION OF HAVING TO REPRESENT THE APPELLANT WHEN ADMITEDLY [sic] HE WAS NOT PREPARED?

C. WHETHER THE LOWER COURT ERRED IN FAILING TO GRANT PRO HAC VICE STATUS UNTO THE PRIVATELY RETAINED ATTORNEY UNDER THE CIRCUMSTANCES GIVEN THE SELF-ADMITED UNPREPARDENESS OF COUNSEL WHEREIN THE COURT COMPELLED COUNSEL TO PROCEED, WHICH REDOUNDED FULLY TO THE DETRIMENT AND PREJUDICE OF THE APPELLANT AND NOT COUNSEL?

D. WHETHER THE TRIAL COURT ERRED IN UNDULY FRAMING THE CONTENTS OF THE POLICE REPORTS FOR REVIEW BY THE JURY?

E. WHETHER THE APPELLANT WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL IN THAT COUNSEL FAILED TO PRESENT AND EXHAUST ALL AVAILABLE LEGAL ARGUMENT IN FURTERANCE [sic] OF THE SUPPRESSION MOTION?

F. WHETHER THE APPELLANT POSSESSES A PREDICATE FOR CHALLENGE TO THE WARRANTLESS BLOOD DRAW AND THE CONSENT ISSUE PURSUANT TO THE HOLDING OF BIRCHFIELD V NORTH DAKOTA?

G. WHETHER THE MANDATORY MINIMUM SENTENCE IMPOSED WAS ILLEGAL UNDER ALLEYNE?

Brief of Appellant at 2.

When reviewing an order denying PCRA relief, this Court must discern whether the record supports the PCRA court's determination and whether the

PCRA court's determination is free of legal error. Commonwealth v. Phillips, 31 A.3d 317, 319 (Pa.Super. 2011) (citing Commonwealth v. Berry, 877 A.2d 479, 482 (Pa.Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Id. (citing Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa.Super. 2001)).

> In order to be eligible for PCRA relief, a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (delineating the eligibility requirements of the PCRA). A petitioner also must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. Id. at § 9543(a)(3). An issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." Id. at § 9544(a)(2). For purposes of the PCRA, a claim is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." Id. at § 9544(b).

Commonwealth v. Wholaver, ___ Pa. ____, ____, 177 A.3d 136, 144 (2018).

We commence our analysis with a determination as to what issues, if any, Appellant has preserved for our review. Counsel's PCRA petition, captioned as a "supplement" to Appellant's pro se petition, indicates that the pro se PCRA petition filed on March 22, 2017, is "incorporated by reference as if fully set forth herein." See "Supplement to Motion for Post Conviction Collateral Relief," filed 5/1/17, at ¶ 1. Thus, PCRA counsel attempts both to preserve all issues raised in the pro se petition and to litigate separate claims in the "supplement." Appellant's pro se petition is comprised of six pages of

- 5 -

single spaced, disjointed text, and were we to permit it to be coupled with counsel's "supplement," itself a six-page narrative that is not divided into clear issues, it would be difficult for this Court to ascertain the precise issues Appellant is attempting to assert. When recently considering a similar situation, this Court found counsel's attempt to preserve issues raised in a pro se PCRA petition failed. In doing so, we reasoned as follows:

> Counsel's attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted. See Commonwealth v. Tedford, 960 A.2d 1, 10 n.4 (Pa. 2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation'—i.e., he cannot litigate certain issues pro se while counsel forwards other claims.") (citations omitted); Commonwealth v. Markowitz, 32 A.3d 706, 713 n.5 (Pa.Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.") (citations omitted). It is incumbent upon counsel to examine the merits of the pro se claims and determine whether those issues are worth pursuing in an amended petition. Thus, the pro se claims could not be merely incorporated, and, in turn, are waived on appeal. Accordingly, we find that the sole claim preserved for our review is the one contained in the counseled PCRA petition.

Commonwealth v. Johnson, 2018 WL 897484, at * 2 (Pa.Super. Feb. 15, 2018) (footnote omitted).

The only claims preserved in the counseled PCRA herein pertain to counsels' ineffectiveness; however, for the reasons that follow, we would conclude Appellant is not entitled to relief even if the remaining issues he presents in his appellate brief had been properly preserved.

In his first, second, and fifth issues, Appellant raises various challenges to pre-trial and trial counsel's effectiveness. Ineffectiveness claims are

cognizable under the PCRA. Commonwealth v. Lambert, 568 Pa. 346, 363, 797 A.2d 232, 242 (2001); 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. Commonwealth v. Pierce, 515 Pa. 153, 159, 527 A.2d 973, 975–976 (1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different." Commonwealth v. Wallace, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Commonwealth v. Williams, 581 Pa. 57, 70, 863 A.2d 505, 513 (2004).

Appellant avers trial counsel's failure to secure pro hac vice status for his privately-retained counsel left trial counsel "wholly unprepared" to represent him at trial. While Appellant acknowledges this Court "reviewed and adjudicated on direct appeal insofar as the trial court's exercise of discretion in rejecting the untimely and unfulfilled motion[,]" he baldly maintains that counsel's ineffectiveness "caused patent prejudice to [Appellant] in terms of the election of counsel and in depriving him of effective, prepared and informed counsel at trial." Brief for Appellant at 7-8.

Initially, we agree with Appellant that he previously litigated the underlying substantive issue regarding the trial court's rulings; however, he now presents a wholly distinct legal claim of ineffective assistance of counsel cognizable under the PCRA. See Wholaver, supra at _____, 177 A.3d at 147. On direct appeal, Appellant argued the trial court had violated his Sixth Amendment right to counsel during his jury trial in denying him the right to counsel of his choice when it refused to grant pro hac vice admission to Attorney DiCello. This Court acknowledged the record reflected that Appellant's motion seeking permission for Attorney DiCello to represent him until the morning of trial had been untimely and that Attorney DiCello failed to comply with other applicable procedural requirements necessary before an out-of-state attorney may seek pro hac vice admission. Thus, we determined the trial court acted properly in declining the non-complaint application and in restricting Appellant's right to choose his own counsel. Importantly, we also found "Appellant [had] not shown that the court's ruling undermined the reliability of his trial in any way." Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum at 9 (Pa.Super. filed May 6, 2016) (citing Commonwealth v. Padilla, 80 A.3d 1238, 1252 (Pa. 2013)), cert. denied, 134 S.Ct. 2725 (2014) (citations omitted).

Assuming, arguendo, as the PCRA court found, that trial counsel had been ineffective for failing to timely file for pro hac vice status for Attorney DiCello, see Opinion and Notice of Intent to Dismiss PCRA Without Hearing

Pursuant to Pa.R.Crim.P. 907(1), following our review of the certified record and notes of testimony, we find Appellant's allegations of counsel's unpreparedness fail to demonstrate that but for trial counsel's error the result of the proceeding would have been different. Trial Counsel presented argument, questioned witnesses, and had the assistance of Attorney DiCello as stand-by counsel. N.T., 6/9/15 at 8. As the PCRA court stressed, it permitted Attorney DiCello to remain in the courtroom where he was able to "assist trial counsel, advise and discuss the case with him in court and out, and [be] present and available at all times." See Opinion and Notice, at 1. The PCRA court further stated that trial counsel had represented Appellant in this matter for months prior to trial and "was familiar and knowledgeable as to the extent of all pre-trial matters in this case." Id. at 1-2. As Appellant has failed to substantiate his claim per the requisite Pierce factors, these claims challenging trial counsel's effectiveness must fail. Commonwealth v. Cousar, ___ Pa. ____, ____, 154 A.3d 287, 308 (2017).

Appellant also submits pre-trial counsel was ineffective for failing "to exhaust and present all viable claims in support of the suppression motion propounded and litigated on his behalf." Brief for Appellant at 12. While he admits this Court adjudicated the trial court's denial of the suppression on direct appeal, Appellant insists counsel's failure to rely upon the Pennsylvania Supreme Court's decision in Commonwealth v. Edwards, 513 A.2d 445 (Pa. 1986) (sic), a decision that "would have been dispositive and controlling but

for the failure of counsel to tender the argument and underlying pleading[,]" entitles him to relief. Id. [2]

We note that a panel of this Court, not the Pennsylvania Supreme Court, decided the Edwards case to which Appellant refers and its facts are distinguishable from those presented herein. In Edwards, pursuant to a police department internal policy to stop vehicles with the appearance of fresh damage in order to determine whether a necessary accident report had been filed, officers stopped a vehicle that showed evidence of recent body damage. This Court ultimately determined that the traffic stop violated the operator's reasonable expectation of privacy pursuant to the Fourth Amendment of the United States Constitution and in doing so noted that the Vehicle Code required that accidents to vehicles must be reported only under certain circumstances and that evidence of an accident alone does not justify a traffic stop.

Notwithstanding, we would later hold in Commonwealth v. Hall, 929 A.2d 1202, 1206 (Pa.Super. 2007) that "Edwards was decided well before the February 1, 2004 amendment of 75 Pa.C.S.A. § 6308(b), which, since the date of amendment, authorizes police to stop a vehicle whenever an officer has a reasonable suspicion that a violation of the Vehicle Code is occurring or

_____

[2] A review of the record herein reveals that while pre-trial counsel did not mention Edwards at the pretrial suppression hearing, trial counsel brought Edwards to the trial court's attention prior to the commencement of trial. See N.T. Trial, 6/9/15, at 9.

has occurred." (emphasis in original). As we further explained, "[p]rior to the amendment of Section 6308(b), police were required to have probable cause to suspect that a Vehicle Code violation had occurred in order to effect a traffic stop. Therefore, Edwards was decided at a time when the police were required to have probable cause to suspect that a Vehicle Code violation had occurred in order to effect a lawful traffic stop." Id. at 1206 n. 2. (citation omitted) (emphasis in original). On direct appeal, this Court previously found no merit to Appellant's argument that the trial court erred in determining the investigatory stop was supported by reasonable suspicion. Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum at 4-7 (Pa.Super. filed May 6, 2016). Because the premise underlying this claim of ineffective assistance of counsel is belied by the record, it warrants no relief. Commonwealth v. Wholaver, supra, at _____, 177 A.3d at 147.

Appellant next avers the trial court erred when it refused to afford Attorney DiCello pro hac vice status. Appellant did not raise this claim in his "supplemental" petition; therefore, it is waived. See Johnson, supra. Moreover, in raising this issue Appellant attempts to reassert an issue previously raised and decided on direct appeal. See Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum at 7-9 (Pa.Super. filed May 6, 2016). Therefore, this claim has been previously litigated. 42 Pa.C.S.A. § 9544(a)(2).

Appellant further posits the trial court erred "in framing the contents of the BOLO call for consideration by the jury." Brief for Appellant at 11 (unnecessary capitalization omitted). Aside from his failure to raise this claim in his "supplemental" petition, Appellant also has waived this claim for our review because he offers it as if he were presenting it on direct appeal. "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." Commonwealth v. Price, 876 A.2d 988, 995 (Pa.Super. 2005), appeal denied, 587 Pa. 706, 897 A.2d 1184 (2006), cert. denied, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006); see also 42 Pa.C.S.A. § 9544(b) (stating issue is waived if petitioner failed to raise it and it could have been raised before trial, at trial, during unitary review, or in prior proceeding under PCRA). Therefore, we will give this issue no further attention.

Appellant next maintains he is entitled to relief under the United States Supreme Court's decision in Birchfield v. North Dakota, ___ U.S. ____, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).[3] Once again, this claim is not contained in the "supplemental" petition. Notwithstanding, it presents a challenge to the legality of Appellant's sentence. We have observed that as long as this Court has jurisdiction over a matter, a legality of sentencing issue is

---

[3] This Court affirmed Appellant's judgment of sentence on May 6, 2016, and the United States Supreme Court decided Birchfield on June 23, 2016; therefore, the first opportunity for Appellant to raise this claim was in a PCRA petition.

reviewable and cannot be waived where it has been raised in a timely filed PCRA Petition over which we have jurisdiction. Commonwealth v. Olson, 2018 WL 847859, at *2 (Pa.Super. Feb. 14, 2018).

In Birchfield, the United States Supreme Court held that a state may not "insist upon an intrusive blood test, but also … impose criminal penalties upon the refusal to submit to such a test." Birchfield, 136 S.Ct. at 2185. Moreover, the Supreme Court emphasized that "motorists cannot be deemed to have consented to a blood test upon pain of committing a criminal offense." Id. at 2186. As the defendant consented to a blood test only after police had informed him erroneously that he could be penalized criminally if he refused to do so, the Birchfield Court remanded for the trial court to "reevaluate [defendant's] consent given the partial inaccuracy of the officer's advisory." Id. However, as this Court recently explained:

> Nevertheless, the Birchfield Court emphasized that its holding did not apply to the imposition of civil penalties and evidentiary consequences upon motorists suspected of DUI who refused blood testing upon their arrest:
>> It is well established that a search is reasonable when the subject consents, and that sometimes consent to a search need not be express but may be fairly inferred from context. Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. Petitioners do not question the constitutionality of those laws, and nothing we say here should be read to cast doubt on them.
> Birchfield, 136 S.Ct. at 2185 (emphasis added) (citations omitted).

- 13 -

Commonwealth v. Smith, 2017 WL 6615821 at *9 (Pa.Super. December 28, 2017).

In the three paragraphs of argument Appellant devotes to this issue, aside from his summary of the Birchfield case and subsequent county court decisions that have found "retroactive application to be mandated," Appellant simply asserts that he "seeks the rescindment of his conviction and finding no consent to the warrantless blood draw and vacating the sentence and fines imposed and dismissal of the charges." Brief for Appellant at 13. Appellant's utter lack of development of this issue aside, in raising it he completely ignores the fact that due to his belligerent behavior in the hospital, medical professionals deemed it unsafe to perform a blood draw and, thus, there was no warrantless blood draw. See N.T. Trial, 6/9/15, at 101. Appellant does not otherwise provide any analysis of the manner in which Birchfield was relevant or controlling in his case. Indeed, he could not, for in Olson, supra, this Court recently held that Birchfield does not constitute a new substantive rule and does not apply retroactively in Pennsylvania to cases pending on collateral review. Commonwealth v. Olson, 2018 WL 847859 at *2, *4 (Pa.Super. Feb. 14, 2018).

Finally, Appellant contends the mandatory minimum sentence of one year he received for his DUI offense arose from an "unconstitutional statute" in that it required the "judge making the factual determination at sentencing by a preponderance standard" and is illegal in light of Alleyne v. United

States, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Brief for Appellant at 14. Despite the fact that he was sentenced following a jury trial, Appellant further stresses Alleyne is applicable where the conviction arose following a guilty plea. Id. at 15.

Again, we observe that this claim has not been raised in the "supplemental" PCRA petition; however, as it presents a challenge to the legality of Appellant's sentence we will consider its merits. See Olson, supra. Preliminarily, while this Court considered the legality of Appellant's sentence on direct review and found his argument to be specious, the basis for Appellant's challenge at that juncture was the trial court's treatment of the instant conviction as Appellant's third DUI offense in the last ten years. Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum at 9-12 (Pa.Super. filed May 6, 2016). Appellant's argument herein is based upon a novel legal theory, for in Alleyne, the United States Supreme Court held that any fact other than a prior conviction that triggers a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. Alleyne, 570 U.S. at 116, 133 S.Ct. at 2163.

Notwithstanding, we conclude that this claim does not merit relief, for Appellant's mandatory minimum sentence was imposed as a result of this conviction being a third offense, and this Court previously determined "the trial court properly treated Appellant's DUI as a third offense." Commonwealth v. Stovall, No. 1329 WDA 2015, unpublished memorandum

at 11 (Pa.Super. May 6, 2016). In addition, the standard sentencing guidelines range called for minimum sentence of twelve (12) months to sixteen (16) months, and Appellant's sentence of fourteen (14) months to twenty-eight (28) months falls within that range. Id. at 10-11; see also Guideline Sentence Form, 7/21/15, at 1; N.T. Sentencing, 7/20/15, at 10.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2018