J-S14034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT MICHAEL STANTON | : | |
| | : | |
| Appellant | : | No. 1625 MDA 2023 |

Appeal from the PCRA Order Entered November 1, 2023
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000272-2017

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: MAY 24, 2024**

Scott Michael Stanton (Appellant) appeals from the order denying his first, timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On May 8, 2017, police officers approached Appellant to serve two outstanding bench warrants. Appellant attempted to flee. When officers caught up with him, Appellant fought and kicked, attempted to take one officer's taser, then reached for another officer's firearm. The Commonwealth subsequently charged Appellant with two counts each of aggravated assault, simple assault, disarming a law enforcement officer, and disorderly conduct;

and one count each of resisting arrest, flight to avoid apprehension, and possession of drug paraphernalia.[1]

On October 23, 2017, Appellant, represented by court-appointed conflict counsel, Brittany Shetter, Esquire, filed a motion *in limine* to exclude testimony by Corrections Officer Matthew McCann (C.O. McCann) concerning Appellant's statements to him.

> Allegedly, [Appellant] stated, "I am already going away for a long time, I have warrants in other counties, that is why I tried to kill those two cops. If I would have gotten their gun[,] I would have had two bodies on me; or at least get them to kill me, ya know, suicide by cop." **See** Incident Report attached as Exhibit "A."

Motion *in Limine*, 10/23/17, ¶ 7; **see also** PCRA Court Opinion, 11/1/23, at 2 (unnumbered) ("C.O. McCann reported [to the sheriff's office] that [Appellant] indicated that he intended to seriously harm or kill the deputies if he had gained control over either the taser or the firearm."). At the start of trial, the trial court considered and denied Appellant's motion *in limine*. **See** N.T., 1/31/19, at 5.

This Court previously explained the additional pertinent history of this case:

> With [Appellant's] jury trial scheduled for Tuesday, October 31, 2017, his court-appointed conflict counsel, [Attorney] Shetter, … informed [Appellant] on Friday, October 27, 2017, that she had just learned the prosecution received a recording of [Appellant] speaking to other inmates regarding his intended testimony for his case. Attorney Shetter immediately filed a motion to dismiss

---

[1] 18 Pa.C.S.A. §§ 2702(a)(2), 2701(a)(1), 5104.1, 5503(a)(1), 5104, 5126; 35 P.S. § 780-113(a)(32).

- 2 -

charges asserting that the recording was unlawful, and, if deemed admissible, constituted unfair surprise by giving the Commonwealth new potentially incriminating evidence for trial.

On Monday, October 30, 2017, during a telephonic conference, the Commonwealth assured Attorney Shetter and the court that it would not use the recording at trial. Accordingly, concluding that a suppression hearing was not needed[,] and the issue was resolved for purposes of the present trial, the court denied counsel's motion to dismiss.

On Tuesday, October 31, 2017, the morning of Appellant's jury trial, Appellant addressed the court and requested a continuance to obtain new, privately retained counsel. When asked why he wished to do so, Appellant stated generally that he believed [Attorney Shetter] mishandled the motion to dismiss and failed to involve him sufficiently during the entirety of pretrial proceedings.

*Commonwealth v. Stanton*, 237 A.3d 1042, 1806 MDA 2019 (Pa. Super. 2020) (unpublished memorandum at 2) (some capitalization modified). After discussing Appellant's concerns about Attorney Shetter's representation, the trial court denied Appellant's motion for a continuance. *See id.* (unpublished memorandum at 2-7).

A jury found Appellant not guilty of possession of drug paraphernalia, but guilty of all other counts. On November 22, 2017, the trial court sentenced Appellant to an aggregate 7 to 16 years in prison. On May 16, 2018, Appellant filed a *pro se* motion to reinstate his post-sentence and direct appeal rights, *nunc pro tunc*, which the court treated as a timely first PCRA petition. Attorney Shetter subsequently filed a petition to withdraw, explaining Appellant had indicated his intention to raise ineffective assistance of counsel claims. The PCRA court appointed William M. Shreve, Esquire, to represent Appellant. The

- 3 -

PCRA court held a hearing. On December 18, 2018, the PCRA court granted Appellant's PCRA petition and reinstated his direct appeal rights.

This Court subsequently affirmed Appellant's judgment of sentence. **See id.** (unpublished memorandum). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On May 6, 2021, Appellant, *pro se*, filed the instant timely PCRA petition claiming Attorney Shetter was ineffective. The *pro se* petition was forwarded to Attorney Shreve, who filed a **Turner**/**Finley**[2] "no-merit" letter and a motion to withdraw from representation. On February 25, 2022, the PCRA court granted Attorney Shreve's motion to withdraw from representation and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition. Appellant filed a *pro se* response, asserting he had never received a copy of counsel's no-merit letter or motion to withdraw.

On March 23, 2022, the PCRA court issued an order granting Appellant an additional 30 days to file a *pro se* amended PCRA petition. Appellant, *pro se*, filed an amended PCRA petition, again challenging Attorney Shetter's effectiveness.[3]

_____

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We recognize Appellant filed his amended PCRA petition on April 27, 2022, *after* the court-ordered deadline.

- 4 -

The PCRA court scheduled an evidentiary hearing on Appellant's petition. Thereafter, Appellant filed a motion for appointment of counsel. The PCRA court appointed new counsel to represent Appellant during the PCRA proceedings. The court continued the evidentiary hearing several times to allow appointed PCRA counsel time to prepare.

The PCRA court held an evidentiary hearing on December 2, 2022, at which Attorney Shetter and Appellant testified. On November 1, 2023, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue for review:

Did the [PCRA] court abuse[ its] discretion in [] finding that no error of law or abuse of discretion occurred in denying Appellant's requested relief under the [PCRA] petition for ineffective assistance of counsel?

Appellant's Brief at 7.[4]

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009).

In his first five issues, Appellant claims Attorney Shetter rendered ineffective assistance. The law presumes that counsel is effective, and the

---

[4] Despite including a single question in his statement of questions involved, Appellant's brief includes six distinct arguments.

appellant bears the burden of proving otherwise. ***Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). Appellant must demonstrate

> (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of this test is fatal to an ineffectiveness claim. ***See id.***

First, Appellant claims Attorney Shetter ineffectively failed to interview or subpoena certain witnesses. Appellant's Brief at 10. Appellant identifies Jack Frye (his father-in-law); Shaina Stanton (his wife); and Shaina's friend[5] as potential witnesses. ***Id.***

To succeed on an ineffectiveness claim premised on counsel's failure to call a potential witness, the petitioner must establish

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

---

[5] Appellant does not include the name of his wife's friend. Additionally, during the PCRA hearing, Appellant identified another unnamed individual—a man who was being held in a neighboring cell at Perry County Prison—as a potential witness. ***See*** N.T., 12/2/22, at 22; ***see also*** PCRA Court Opinion, 11/1/23, at 6 (unnumbered). On appeal, Appellant does not challenge Attorney Shetter's failure to interview or present the unnamed man as a witness.

*Johnson*, 966 A.2d at 536 (citation omitted). Further, "the PCRA petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* (citation and quotation marks omitted). Moreover, "failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy." *Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted).

The PCRA court addressed and rejected Appellant's first claim:

[Appellant] established the first four elements of [the *Johnson*] test as he and Attorney Shetter both … acknowledged the existence of … the witnesses [Appellant] requested. It was indicated that each of these witnesses would have been available had they been called to testify on [Appellant's] behalf. Attorney Shetter was aware of these witnesses after her discussions with [Appellant,] and none of the witnesses indicated that they were unwilling to testify if called.

However, [Appellant] did not prove the fifth element of the test because the absence of none of these witnesses was so prejudicial as to deny [Appellant] a fair trial. Attorney Shetter testified that she spoke with Mr. Frye prior to trial and, based on that conversation, did not believe that he would have been a particularly useful witness to [Appellant's] defense. [Attorney Shetter] also stated that she spoke to [Appellant] about her concerns[,] and [**Appellant**] **agreed to not call Mr. Frye to testify**. Attorney Shetter testified that she did not recall [Appellant] specifically asking for Shaina to testify but admitted that she did not contact Shaina on the issue of testifying. …

… Even if Mr. Frye or the other witnesses had testified, there is nothing in the record to indicate that any of the witnesses' testimony would have reasonably altered the outcome of [Appellant's] trial. Therefore, it is not reasonably probable that the outcome of [Appellant's] trial would have been different if the witnesses had testified[,] and the absence of their testimony was not so prejudicial as to deny [Appellant] a fair trial.

- 7 -

PCRA Court Opinion, 11/1/23, at 6-7 (unnumbered) (emphasis added; citations to record omitted).

The PCRA court's reasoning is supported by the record, and its conclusion is sound. Appellant failed to establish the testimony of these witnesses would have "materially aided him." ***Commonwealth v. Johnson***, 166 A.3d 1257, 1284 (Pa. 2016) ("A PCRA petitioner cannot succeed on such a claim if the proposed witness' testimony would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the ineffective assistance of counsel test logically overlap.") (citation, quotation marks, and brackets omitted). Because Appellant has not satisfied the prejudice prong, *i.e.*, that the outcome of his trial would have been different if the witnesses had been presented, his first ineffectiveness claim fails.

In his second claim, Appellant argues Attorney Shetter failed to make evidence available to him until the month of trial, preventing Appellant from participating in his defense. Appellant's Brief at 10-11.

Appellant fails to support this argument with citation to and discussion of relevant legal authority. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); ***see also Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation and quotation marks omitted)). Thus, Appellant waived his second claim. ***See***

- 8 -

*Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (concluding that appellant waived his claim by failing to adequately develop his argument or provide citation to and discussion of relevant authority).[6]

In his third claim, Appellant contends Attorney Shetter was ineffective for failing to file a motion for a change of venue and a motion *in limine*. Appellant's Brief at 11-12. Appellant claims he asked Attorney Shetter to request a change in venue because individuals in the jury pool knew the sheriff. *Id.* at 11. Appellant also argues Attorney Shetter failed to file a motion *in limine* to preclude the testimony of C.O. McCann. *Id.* at 11-12.[7]

As the PCRA court explained, Appellant "raised an oral motion for change of venue himself on the day of trial." PCRA Court Opinion, 11/1/23, at 9 (unnumbered). The PCRA court also stated a motion for change of venue "would have been denied regardless of when [it was] submitted to the court." *Id.* at 10 (unnumbered). The court further reasoned that "simply knowing the identify of an elected official [the sheriff] does not prove that the jury [pool] was biased against [Appellant] and in favor of the Commonwealth." *Id.*

_____

[6] Even if Appellant had adequately developed this issue for review, we would agree with the PCRA court's finding that Appellant had sufficient time to review discovery. *See* PCRA Court Opinion, 11/1/23, at 8-9 (unnumbered).

[7] Appellant fails to cite or discuss pertinent legal authority to support his claim. *See* Pa.R.A.P. 2119(a); *Samuel*, *supra*. Accordingly, we could deem Appellant's third claim waived for this reason.

Moreover, contrary to Appellant's assertion, the record reflects that Attorney Shetter filed an unsuccessful motion *in limine* to exclude C.O. McCann's testimony. **See id.** at 10-11 (unnumbered); **see also** Motion *in Limine*, 10/23/17. As Appellant fails to establish his underlying claims have arguable merit, his third ineffectiveness claim fails.

In his fourth claim, Appellant asserts Attorney Shetter did not adequately cross-examine witnesses during trial. Appellant's Brief at 12. Appellant also claims Attorney Shetter failed to make certain objections during trial. **Id.** at 12.

Significantly, Appellant fails to identify any specific failures by Attorney Shetter. Appellant does not point to portions of testimony during which counsel's cross-examination of witnesses was insufficient, nor does he identify objections Attorney Shetter should have made during trial. Further, Appellant failed to support his claim with citation to the record or any pertinent legal authority. Because Appellant has not adequately developed this issue for review, it is waived. **See** Pa.R.A.P. 2119(a); **see also Samuel**, **supra**.

In his fifth claim, Appellant contends Attorney Shetter was ineffective for failing to request a mental health evaluation. Appellant's Brief at 13. Appellant summarily argues,

> [Appellant] indicated that he has several diagnoses such as PTSD from prior incarceration in a State Correctional Institution that triggered a flight o[r] fight response. [Appellant] argues[,] had counsel met with him and discussed the case, this could have been presented to the jury given the nature of the events with the officers.

*Id.*

Again, Appellant waived his claim by failing to support his argument with citation to and discussion of pertinent legal authority. *See* Pa.R.A.P. 2119(a); *see also Samuel*, *supra*. Moreover, Appellant has not proven, or even alleged, a reasonable probability that information obtained during a mental health evaluation would have resulted in an acquittal. *See Franklin*, 990 A.2d at 797 (stating a PCRA petitioner must establish all three prongs of the ineffectiveness test). Appellant's fifth claim merits no relief.

In his final claim, Appellant argues the Commonwealth did not establish the "serious bodily injury" requirement necessary to sustain his aggravated assault convictions. Appellant's Brief at 13. Appellant points out the jury had requested clarification on that element during deliberations. *Id.*

Absent any allegation that Attorney Shetter's action or inaction created the alleged jury confusion, this claim is nothing more than a challenge to the sufficiency of the evidence. Sufficiency claims are not cognizable under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (concluding appellant's sufficiency claim, without any ineffective assistance of counsel analysis, was not cognizable under the PCRA); *see also* 42 Pa.C.S.A. §§ 9543(a)(2)(i)-(viii) (setting forth the claims of error that may be raised under the PCRA).

Based upon the foregoing, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/24/2024