**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Robert Daniel PRICE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 10, 2004.

Filed May 27, 2005.

Robert J. Hollister, Montrose, for appellant.

Jason J. Legg, Asst. Dist. Atty., Montrose and Jerome T. Foerster, Office of the Atty. Gen., Harrisburg, for Com., appellee.

Ronald Attarian, Erdenheim, Amicus Curiae.

Before: LALLY–GREEN, GANTMAN, and KELLY, JJ.

GANTMAN, J.

¶ 1 Appellant, Robert Daniel Price, appeals from the order which denied his petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. Specifically, Appellant challenges the sufficiency of the evidence to support his sexually violent predator classification, and seeks removal of his lifetime registration, notification, and counseling requirements under Megan's Law II, 42 Pa.C.S.A. §§ 9791–9799. After careful review, we hold the court lacked jurisdiction to consider the substance of Appellant's petition. We further hold Appellant's issue fails to raise a cognizable claim under the PCRA and lacks merit in any event. We also determine Appellant has waived his remaining issues. Accordingly, we affirm the order which denied his petition for PCRA relief.

¶ 2 The relevant facts and procedural history of this appeal are as follows. In late 2000 and early 2001, Appellant, who was twenty-one years of age, sexually molested his six-year-old male cousin. In January 2001, the victim disclosed the incidents to his parents. The victim's parents contacted the police. The police questioned Appellant, who admitted sexually assaulting the victim five or six times. The assaults included oral contact and anal penetration. The police charged Appellant with numerous sexual offenses. In exchange for the Commonwealth's agreement to voluntarily withdraw the remaining charges, Appellant entered an open guilty plea to one count of aggravated indecent assault.[1]

¶ 3 The court directed the preparation of a sexually violent predator (SVP) assess-

1. 18 Pa.C.S.A. § 3125(a)(7).

ment by the sexual offenders assessment board and scheduled a hearing to determine Appellant's SVP status. The board evaluator completed the assessment and provided expert opinion testimony that Appellant was a SVP. Appellant's expert, on the other hand, opined Appellant was not a SVP. Appellant's expert conceded he did not consider a number of required statutory factors in his assessment. On November 30, 2001, the court classified Appellant as a SVP under Megan's Law II. On December 20, 2001, the court sentenced Appellant to 4 to 10 years' incarceration and informed him of his lifetime registration, notification, and counseling requirements. Appellant did not file post-sentence motions or a direct appeal. Appellant had been represented at all stages of proceedings to that point by counsel from the Susquehanna County Public Defender's Office.

¶ 4 On January 15, 2003, Appellant filed *pro se* a "[Petition] for Special Relief From 42 Pa.C.S.A. § 9795.4," asking the court to vacate his SVP classification. The petition alleged the evidence at the SVP hearing had been "insufficient to sustain a determination that [Appellant] is a sexually violent predator." (Appellant's [Petition] for Special Relief, filed 1/15/03, at 2). On January 24, 2003, the court entered an order denying Appellant's petition to vacate his SVP classification. The order stated the court lacked jurisdiction to consider the petition as a post-sentence motion under Pa. R.Crim.P. 720. Moreover, the order stated Appellant's claim of error and requested relief were not cognizable under the PCRA. Importantly, Appellant did not seek reconsideration of the court's denial of his petition for special relief or appeal that decision.

¶ 5 On March 4, 2003, Appellant filed a PCRA petition *pro se.* The petition alleged 1) Megan's Law II is unconstitu-

tional, 2) Appellant's lifetime registration requirement is an illegal sentence of perpetual probation, 3) counsel rendered ineffective assistance for failing to object to the allegedly unconstitutional nature of the statutory SVP assessment procedure, and 4) counsel rendered ineffective assistance for failing to file a direct appeal challenging the constitutionality of Megan's Law II and the sufficiency of the evidence to support Appellant's SVP classification.

¶ 6 On March 11, 2003, the court appointed counsel to assist Appellant in the prosecution of his PCRA petition. On March 26, 2003, the Commonwealth filed a motion to dismiss Appellant's PCRA petition as untimely. On March 27, 2003, the court entered an order giving notice of its intent to dismiss Appellant's petition as untimely. The order provided Appellant 20 days within which to file a response.

¶ 7 On April 14, 2003, Appellant filed a response which denied his petition was untimely as follows:

6. Denied. It is specifically denied that [Appellant] filed his first Post Conviction Relief Act petition on March 4, 2003. By way of further answer it is averred [Appellant], acting *pro se,* filed his first Post Conviction Relief Act petition on or about January 15, 2003, albeit improperly [titled] Motion for Special Relief. Said filing on or about January 15, 2003, was timely as per the one year time frame. By way of further answer, it is averred that this petition was done *pro se* and was dismissed by the Court without [a] hearing.

(Appellant's Answer to Motion to Dismiss, filed 4/14/03, at ¶ 6). Appellant concurrently filed a motion to supplement his PCRA petition.

¶ 8 The court issued a rule returnable for the Commonwealth to show cause why Appellant's requested relief should not be

granted. The rule returnable hearing took place on May 2, 2003. That date, the court entered an order denying the Commonwealth's motion to dismiss Appellant's PCRA petition as untimely and permitted Appellant to supplement his petition. The court concluded it should have considered Appellant's January 15th petition for special relief as a PCRA petition. Thus, the court determined Appellant's March 4th petition was a timely amendment. On May 22, 2003, Appellant filed a supplemental PCRA petition claiming the Department of Corrections was improperly deducting and withholding monies from Appellant's inmate account.

¶ 9 The court conducted a PCRA hearing on June 6, 2003. Appellant's guilty plea counsel and SVP/sentencing counsel each testified that Appellant had not asked them to file post-sentence motions or a direct appeal. Appellant testified he had agreed to be interviewed by the board evaluator for SVP assessment purposes. Appellant testified he had not discussed the filing of post-sentence motions or a direct appeal with counsel. He maintained he had been unaware he could appeal the propriety of his SVP classification and his resultant registration requirements without challenging his judgment of sentence. The court took the matter under advisement. It ordered transcription of the SVP hearing testimony and directed the parties to file briefs within 20 days of their receipt and review of the notes of testimony. On October 22, 2003, the court issued an opinion and order denying Appellant's PCRA petition claims of ineffectiveness of counsel and illegal sentence. The court transferred Appellant's claims regarding deductions from his inmate account to the Commonwealth Court. Appellant filed a timely notice of appeal.

¶ 10 On appeal, Appellant raises the following issues for our review:

WHETHER THE [PCRA] COURT ERRED IN DETERMINING [APPELLANT] TO BE A SEXUALLY VIOLENT PREDATOR?

WHETHER THE [PCRA] COURT ERRED IN FAILING TO FIND MEGAN'S LAW [II] INAPPLICABLE TO THE PRESENT CASE?

WHETHER THE [PCRA] COURT ERRED IN NOT FINDING MEGAN'S LAW [II] UNCONSTITUTIONAL *PER SE?*

WHETHER THE [PCRA] COURT ERRED IN ORDERING THE TRANSFER OF THE ISSUE CONCERNING [APPELLANT'S] INMATE ACCOUNT TO THE COMMONWEALTH COURT?

(Appellant's Brief at 4).

¶ 11 As a prefatory matter, we first determine whether the court had jurisdiction to reconsider and effectively reverse its January 24th order denying Appellant's petition for special relief on the ground the claim raised and relief requested were not cognizable under the PCRA. This inquiry necessitates review of the interplay between the power of the court to reconsider the merits of an order more than thirty days after its entry, the eligibility for relief and timeliness requirements of the PCRA, and the right to counsel of an indigent petitioner on a first PCRA petition.

¶ 12 Generally, a post-sentence motion must be filed within 10 days after imposition of sentence. Pa.R.Crim.P. 720. The trial court ordinarily has no jurisdiction to entertain a post-sentence motion filed more than 30 days after the imposition of sentence. *Commonwealth v. Dreves,* 839 A.2d 1122 (Pa.Super.2003) (*en banc*). In general, the trial court's jurisdiction over any matter ceases thirty days after the entry of a final order. *Commonwealth v. Robinson,* 575 Pa. 500, 508–509,

837 A.2d 1157, 1162 (2003) (stating: "Far from continuing into perpetuity, the trial court's jurisdiction over a matter generally ends once an appeal is taken from a final order or, if no appeal is taken, thirty days elapse after the final order") (citing 42 Pa.C.S.A. § 5505).

¶ 13 This Court recently re-affirmed that an untimely *pro se* petition for reconsideration of sentence may be considered a petition for relief under the PCRA as follows:

> In [*Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283 (Pa.Super.1997), *appeal denied*, 548 Pa. 645, 695 A.2d 784 (1997) ], appellant filed *pro se* a "Motion for Reduction/Modification of Sentence to correct Illegal Sentence." *Id.* at 287. We noted, at the outset, that a motion to modify sentence must be filed within ten days and an appeal from a sentence must be filed within thirty days. *See id.* at 288. In *Hockenberry*, however, appellant filed his motion more than nine months after sentence was imposed. *See id.* Noting that the issues of sentence legality raised by appellant were cognizable under the PCRA and cannot be waived, this Court "ignored the untimeliness of appellant's motion 'to modify' his sentence and treated it as a PCRA petition relating to the legality of sentence." *Id.; see also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super.2001) (treating appellant's *pro se* motion challenging his guilty plea as PCRA petition "regardless of the manner in which the petition is titled"); *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa.Super.2000) (noting this Court's approval of the trial court's determination that the appellant's "motion to correct illegal sentence" must be treated as a PCRA petition).

*Commonwealth v. Evans*, 866 A.2d 442, 443–444 (Pa.Super.2005) (internal brackets

removed). Further, this Court has previously stated "any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition." *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super.2001). "However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition." *Id.* "Thus, 'the question becomes whether petitioner had an available remedy under the PCRA[.]' " *Id.* (quoting *Commonwealth v. Lusch*, 759 A.2d 6, 8 (Pa.Super.2000), *appeal denied*, 565 Pa. 640, 771 A.2d 1281 (2001)).

¶ 14 The PCRA "is not intended to...provide relief from collateral consequences of a criminal conviction." 42 Pa. C.S.A. § 9542. The registration, notification, and counseling requirements for offenders under Megan's Law II are not criminal punishment, but represent non-punitive, regulatory measures designed to safeguard the public. *Commonwealth v. Williams*, 574 Pa. 487, 832 A.2d 962 (2003). In reliance on *Williams*, this Court has determined the registration, notification, and counseling requirements under Megan's Law II are collateral consequences of guilty plea convictions. *Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa.Super.2004) (citing *Commonwealth v. Leidig*, 850 A.2d 743 (Pa.Super.2004)).

¶ 15 A petitioner is eligible for relief under the PCRA if he pleads and proves, *inter alia*, any of following claims: a constitutional violation, the ineffective assistance of counsel, an unlawfully induced guilty plea, the improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction. 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). Moreover, a petitioner must plead and prove that an allegation

of error has not been waived. 42 Pa. C.S.A. § 9543(a)(3). A claim is waived under the PCRA if, *inter alia,* it could have been raised on direct appeal. *Commonwealth v. Hughes,* —— Pa. ——, ——, 865 A.2d 761, 808 (2004) (citing 42 Pa. C.S.A. § 9544(b)).

■ ¶ 16 Additionally, a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional and a trial court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu–Jamal,* 574 Pa. 724, 731, 833 A.2d 719, 723–724 (2003), *cert. denied,* 541 U.S. 1048, 124 S.Ct. 2173, 158 L.Ed.2d 742 (2004); *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

¶ 17 The three exceptions to the one-year filing requirement are for after-discovered evidence, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Gamboa–Taylor, supra* at 77, 753 A.2d at 783.

■ ¶ 18 Nevertheless, "the denial of PCRA relief [to an indigent first-time petitioner] cannot stand unless the petitioner was afforded the assistance of counsel." *Kutnyak, supra* at 1262. An indigent first-time petitioner "is entitled to counsel to represent him despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented." *Id.; Commonwealth v. Smith,* 572 Pa. 572, 818 A.2d 494 (2003). "[W]e will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for relief until, pursuant to Rule 904(a), petitioner has been given the opportunity to be represented by appointed counsel." *Evans, supra* at 445.

■■ ¶ 19 "Our standard of review is whether the PCRA court's determination is supported by the record and is free of legal error." *Commonwealth v. Hague,* 840 A.2d 1018, 1019 (Pa.Super.2003). We note, an appellate court may affirm on a basis different than the PCRA court. *Commonwealth v. Davis,* 816 A.2d 1129, 1136 n. 4 (Pa.Super.2003), *appeal denied,* 576 Pa. 710, 839 A.2d 351 (2003) (citing *Commonwealth v. Miller,* 787 A.2d 1036 (Pa.Super.2001), *appeal denied,* 568 Pa. 735, 798 A.2d 1288 (2002)).

¶ 20 Instantly, Appellant filed his *pro se* petition for special relief approximately one year and three weeks after the court imposed sentence and informed Appellant of his registration requirements. Thus, the court lacked jurisdiction to entertain Appellant's petition for special relief as a post-sentence motion. *See Robinson, supra; Dreves, supra;* Pa.R.Crim.P. 720, *supra.* Nevertheless, Appellant's *pro se* petition for special relief was filed approximately one week prior to the expiration of the time-bar under the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing judgment becomes final one year after expiration of time for seeking review).

■ ¶ 21 Appellant's *pro se* petition for special relief raised a single claim: the alleged insufficiency of the evidence to support his SVP classification and resultant registration requirements. Appel-

lant's petition did not claim a constitutional violation, the ineffective assistance of counsel, an unlawfully induced guilty plea, the improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii), *supra; Deaner, supra.* Appellant's requested relief was the removal of a collateral consequence of his guilty plea conviction under Megan's Law II. *See Williams, supra; Benner, supra; Leidig, supra;* 42 Pa.C.S.A. § 9542, *supra.* Appellant could have raised this challenge to his SVP classification on direct appeal, but did not. *See Hughes, supra;* 42 Pa.C.S.A. § 9544(b), *supra.* As filed, Appellant's *pro se* petition for special relief did not raise a cognizable claim under the PCRA. *See id.; Deaner, supra;* 42 Pa.C.S.A. §§ 9543(a)(2)(i)-(viii), *supra.*

¶ 22 Because Appellant filed his petition for special relief *pro se*, however, the court should have appointed counsel, regardless of the apparent non-cognizability of the claim presented. *See Smith, supra; Evans, supra; Kutnyak, supra.* The court did not appoint counsel to assist Appellant in his petition. Had Appellant timely appealed from the order denying his petition for special relief, he would have been entitled to remand for the appointment of counsel. *See id.*

¶ 23 Further, Appellant did not seek reconsideration or file an appeal from the order denying his petition for special relief. *See Robinson, supra; Dreves, supra;* Pa.R.Crim.P. 720, *supra;* 42 Pa.C.S.A. § 5505, *supra.* Instead, some five weeks later, Appellant filed a *pro se* PCRA petition, which was facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(3), *supra.* Then the court appointed counsel. *See* Pa. R.Crim.P. 904, *supra.*

¶ 24 Additionally, the court had no jurisdiction on May 2nd to reconsider its January 24th order, denying Appellant's petition for special relief. *See Robinson, supra;* 42 Pa.C.S.A. § 5505, *supra.* The January 24th disposition of Appellant's petition for special relief became final thirty days later. *See Robinson, supra;* 42 Pa. C.S.A. § 5505, *supra.* Thus, Appellant's March 4th *pro* se PCRA petition was actually a **second** and facially untimely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(3), *supra.* Likewise, the PCRA court had no jurisdiction to consider Appellant's March 4th PCRA petition as an "extension" of Appellant's previously dismissed petition, for timeliness purposes. *See Robinson, supra.*

¶ 25 Moreover, following the appointment of counsel on what we deem as Appellant's second PCRA petition, Appellant did not allege any exceptions to the timeliness requirements. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Thus, the court was without power to address Appellant's substantive PCRA claims. *See id.; Robinson, supra; Abu–Jamal, supra; Gamboa–Taylor, supra.* Nevertheless, "if the court's decision is correct, we can affirm on any ground." *Commonwealth v. Miller,* 787 A.2d 1036, 1038 (Pa.Super.2001), *appeal denied,* 568 Pa. 735, 798 A.2d 1288 (2002). Accordingly, we affirm the court's order denying relief, but on the ground that Appellant's second post-conviction petition was untimely, and the court lacked jurisdiction to review it. *See Robinson, supra; Abu–Jamal, supra; Davis, supra.*

¶ 26 Finally, even if the court had had jurisdiction to entertain the merits of Appellant's current PCRA petition, Appellant does not present a cognizable PCRA claim on appeal. Appellant first alleges numerous statutory factors weighed against his SVP classification. Appellant insists the Commonwealth failed to estab-

lish that he suffers from a mental abnormality or personality disorder that makes him likely to engage in future violent sexual offenses. Appellant alleges his expert witness disputed the "diagnoses of pedophilia and homosexuality" and "spoke to the reduced risk of recidivism with treatment[.]" (Appellant's Brief at 12). Thus, Appellant concludes the evidence was insufficient to support his SVP classification.

¶ 27 Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal. *Commonwealth v. Brown,* — Pa. —, 872 A.2d 1139, 1146–48 (2005) (stating claims available on direct appeal are waived for purposes of PCRA review and this waiver cannot be overcome, absent full layered ineffectiveness of counsel analysis).

¶ 28 Instantly, Appellant presents his claim to us on appeal as if on direct appeal, and without any ineffectiveness of counsel analysis. Further, Appellant does not claim a constitutional violation, an unlawfully induced guilty plea, the improper obstruction of the right to appeal, the existence of after-discovered exculpatory evidence, the imposition of a sentence greater than the lawful maximum, or a proceeding in a tribunal without jurisdiction. *See id.*; 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). Instead, Appellant directly challenges the sufficiency of the evidence to support his SVP classification and seeks removal of the collateral consequences of his guilty plea conviction under Megan's Law II. *See Williams, supra; Benner, supra; Leidig, supra.* Therefore, Appellant's first issue as presented is not a cognizable claim under the PCRA. *See id.*

¶ 29 Moreover, even if Appellant had raised his contention as a properly cognizable post-conviction issue, we would conclude it lacks merit. We observe:

[I]n reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied. The evidence must be viewed in the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue.

*Commonwealth v. Plucinski,* 868 A.2d 20, 25 (Pa.Super.2005) (internal citations and quotation marks omitted). The salient inquiry in SVP classification matters is identification of the impetus behind the commission of the crime and the extent to which the offender is likely to reoffend. *Id.* at 26 (citing *Commonwealth v. Bey,* 841 A.2d 562, 566 (Pa.Super.2004)).

¶ 30 In the present case, the Commonwealth's expert opined a contributing impetus behind Appellant's crimes was his homosexual pedophilic interest in boys, and that "research suggests homosexual pedophiles are twice as likely to recidivate versus heterosexual pedophiles." (N.T. SVP Hearing, 11/30/01, at 23). Also, the PCRA court stated:

In the present matter, the Commonwealth's expert, David Humphreys, testified that, after interviewing [Appellant] and conducting an evaluation, Mr. Humphreys took into [account] all of the factors listed in the Pennsylvania Megan's Law [II] and determined [Appellant] to be a sexually violent predator under the statute. In contrast, while

Mr. Seasock, [Appellant's] expert, stated that he used some of the factors in making his determination that [Appellant] was not a sexually violent predator, Mr. Seasock admitted that he did not use all of the criteria enumerated under the statute, and that he did not make his determination using the definition provided by statute. Therefore, after consideration of the record, since the assessment performed by [Appellant's] expert did not accurately determine whether [Appellant] was a sexually violent predator in accordance with the Pennsylvania Megan's [L]aw [II] statute, the court acted properly when it used the assessment performed by Mr. Humphreys and determined [Appellant] to be a sexually violent predator.

(PCRA Court Opinion, filed October 22, 2003, at 4). Were we to address this issue, we would accept the trial court's rationale as supported by the evidence of record and free of legal error. *See Hague, supra.*

¶ 31 Appellant's remaining issues assert Megan's Law II is unconstitutional and inapplicable to his case, and that the PCRA court erred in transferring Appellant's issue concerning his inmate account to the Commonwealth Court. We note Appellant has expressly abandoned these claims on appeal. He concedes · in the statement of the issues section of his brief that the pertinent provisions of Megan's Law II apply and were ruled constitutional by our Supreme Court in *Williams, supra.* Further, Appellant concedes his claim regarding the Commonwealth Court's jurisdiction over inmate accounts is controlled by *Commonwealth v. Danysh,* 833 A.2d 151 (Pa.Super.2003).[2]

¶ 32 Moreover, Appellant offers no discussion, argument or citation to authority to support these claims. Thus they are waived. *See Commonwealth v. English,* 548 Pa. 528, 536 n. 5, 699 A.2d 710, 714 n. 5 (1997) (noting issue included in statement of questions presented but not argued in text of brief is waived); *Commonwealth v. Heggins,* 809 A.2d 908, 912 n. 2 (Pa.Super.2002), *appeal denied,* 573 Pa. 703, 827 A.2d 430 (2003) (determining issue identified on appeal but not properly developed in brief is abandoned and waived); *Commonwealth v. Calloway,* 450 Pa.Super. 227, 675 A.2d 743, 747 (1996) (stating claim is waived where brief lacks pertinent discussion of issue); *Commonwealth v. Rodgers,* 413 Pa.Super. 498, 605 A.2d 1228, 1239 (1992), *appeal denied,* 532 Pa. 655, 615 A.2d 1311 (1992) (holding appellate brief must contain a pertinent discussion of the particular point raised along with citation to pertinent authorities).

¶ 33 Based on the foregoing, we hold the court had no jurisdiction to reconsider its denial of Appellant's petition for special relief or to address the substance of Appellant's subsequent PCRA petition. Moreover, we determine Appellant's instant challenge to his SVP status does not raise a cognizable post-conviction claim. Finally, Appellant's remaining issues are waived. Accordingly, we affirm.

¶ 34 Order affirmed.

---

2. *See also Commonwealth v. Jackson,* 858    A.2d 627 (Pa.Super.2004) (*en banc* ).