J-S21016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAQUILLE M. HENDERSON | : | |
| | : | |
| Appellant | : | No. 1951 EDA 2023 |

Appeal from the PCRA Order Entered June 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007822-2013

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY NICHOLS, J.:                **FILED OCTOBER 21, 2024**

Appellant Shaquille M. Henderson appeals *nunc pro tunc* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant raises multiple claims of ineffective assistance of trial counsel.  Appellant also has filed an application for remand to present a claim of after-discovered evidence to the PCRA court.  We affirm and deny the application for remand.

A prior panel of this Court summarized the factual and procedural history as follows:

> The complainant, Jason Bradford [(the victim)], testified at trial that on December 27, 2011, he pulled up outside a store on the corner of 72nd Avenue and 19th Street in Philadelphia, [Pennsylvania] on his way to a party.  He remained seated in his vehicle, talking on his cell phone, when a chubby black man

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[wearing a bright red hoodie sweatshirt, later identified as Stefon Locke] approached the car, opened the unlocked door, pointed a gun at [the victim] and said "You know what this is." When [the victim] put his hands up, a skinny black male [wearing a light gray hoodie sweatshirt, later identified as Appellant] approached the vehicle. The chubby male then exited the vehicle and handed the firearm to the skinny male. The skinny male then pointed the gun at the victim's torso and said "You know what this is."

[The victim] testified that he reached for the robber's gun with both hands in an attempt to aim it away from his body, but only managed to get his right hand on it. As they struggled over the firearm, [the victim] observed the robber squeezing the trigger. Seven to eight shots were fired at close range, hitting the victim multiple times in the abdomen, leg[,] and arm. The gunshot wounds to the victim caused him to undergo seven separate surgeries in which his entire pancreas, part of his liver, his entire right kidney and ureter, part of his colon, part of his small intestines[,] and his entire gall bladder and bile ducts were removed. [The victim] testified that when the shooter ran out of bullets, he and the first male fled down the street. The victim described the weapon used as a silver semi-automatic.

As to the perpetrators, [the victim] recognized the chubby male as someone he had seen around the store on prior occasions. Although he had never seen the shooter before, [the victim] stated that he was only a foot away from this male inside a [well-lit] vehicle and was able to get a good look at him. On February 20, 2012, police came to the hospital[,] where they showed photo arrays to the victim. [The victim] selected Stefon Locke's photo as the chubby male and identified Appellant as the skinny male who shot him.

Prior to showing the photo arrays to the victim, police put a video of the incident on YouTube in an attempt to obtain information from the public regarding the identity of the perpetrators. Appellant told his friend Dejonnaise Carr to watch the video. Upon viewing the video, Ms. Carr recognized the chubby male as Appellant's friend "Boog" and recognized the skinny male as Appellant. She stated she knew the shooter was Appellant from his bowlegged walk and his gray Nike sweat suit. Ms. Carr later shared this information with Philadelphia Police Detective Adam McGuigan.

Stefon Locke, a/k/a "Boog", entered an open guilty plea to the charges in this case. On February 21, 2012, [Mr.] Locke gave a statement to police in which he said he had received a call from a man looking to purchase marijuana. [Mr.] Locke claimed he got into the victim's car to sell him marijuana, but exited when he felt uncomfortable with the situation. He stated that Appellant then got into the vehicle for approximately ten seconds[,] after which he exited, pointed a gun and started firing at the victim. [Mr.] Locke testified that he ([Mr.] Locke) was the chubby male in the video.

Following the victim's identifications of Appellant and Stefon Locke, police obtained search warrants for two properties, one of which was the residence of Appellant's mother located at 1522 N. 19th Street in Philadelphia. Police recovered a cell phone in a bedroom containing male clothing and mail in Appellant's name. The cell phone contained photos of Stefon Locke as well as photos of several different semi-automatic firearms. Prior to showing the photos to the jury, the [trial c]ourt cautioned them that the only purpose of the photos was to show Appellant's access to semi-automatic weapons.

On April 25, 2013, Philadelphia Police Officer Michael O'Brien and two other officers were having coffee around the 1400 block of Cecil B. Moore Avenue when Officer O'Brien spotted Appellant crossing the street. Officer O'Brien advised his brother officers that Appellant was wanted on a warrant. When they approached Appellant[,] who was sitting on a wall[,] and ordered him not to move, Appellant jumped up, made a movement to his waistband and took off running. As Officer O'Brien chased him[,] he observed Appellant reach into his waistband and discard a black firearm behind a dumpster in an alleyway. Officer O'Brien recovered the firearm[,] while his partners apprehended Appellant around Broad and Montgomery. A check of the gun showed it to be loaded.

Appellant was arrested and charged with [attempted murder, aggravated assault, robbery, conspiracy to commit robbery, possession of an instrument of crime, carrying firearms without a license, and persons not to possess firearms].[2] On July 30, 2014,

_____

[2] 18 Pa.C.S. §§ 901(a), 2702(a), 3701(a)(1)(ii), 903(c), 907(a), 6106(a)(1), and 6105(a)(1), respectively.

> Appellant proceeded to a jury trial. On August 1, 2014, the jury found Appellant guilty of all charges except robbery.

***Commonwealth v. Henderson***, 812 EDA 2015, 2017 WL 1534924, at *1-2 (Pa. Super. filed Apr. 28, 2017) (unpublished mem.) (footnote and citation omitted).

The trial court imposed an aggregate sentence of twenty-two to forty-four years' imprisonment. ***See id.***, 2017 WL 1534924, at *2. This Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on November 7, 2017. ***See id.*** at *5, *appeal denied*, 174 A.3d 561 (Pa. 2017).

Appellant filed a timely *pro se* PCRA petition on June 21, 2018. The PCRA court appointed Derek A. Steenson, Esq., as Appellant's PCRA counsel. Attorney Steenson subsequently filed a no-merit letter and petition to withdraw pursuant to ***Turner***/***Finley***.[3] The PCRA court then issued a notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant timely filed a response to the PCRA court's Rule 907 notice. On June 1, 2022, the PCRA court dismissed Appellant's PCRA petition without a hearing and granted Attorney Steenson leave to withdraw. ***See*** PCRA Ct. Order, 6/1/22.

Appellant subsequently filed a second *pro se* PCRA petition (captioned as an "amended petition"), wherein Appellant argued that trial counsel was

---

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

ineffective for failing to request a **_Kloiber_**[4] instruction for the victim and Ms. Carr. *Pro Se* PCRA Pet., 7/11/22, at 3-6 (unpaginated).[5]

On or about February 7, 2023, the PCRA court appointed Peter A. Levin, Esq., as Appellant's counsel. On June 21, 2023, Appellant filed a counseled second PCRA petition (captioned as an "amended petition") alleging that Attorney Steenson was ineffective because he failed to inform Appellant of the PCRA court's June 1, 2022 order dismissing his first PCRA petition and failed to advise Appellant about his appellate rights. **See** PCRA Pet., 6/21/23, at 5. Appellant argued that Attorney Steenson's ineffectiveness satisfied the newly discovered fact exception to the PCRA's one-year time bar and was also a substantive basis for relief. **See id.** at 10-18.

On July 19, 2023, the PCRA court granted Appellant's petition and reinstated Appellant's right to appeal from the June 1, 2022 order *nunc pro tunc*. Appellant filed a notice of appeal *nunc pro tunc* on July 20, 2023. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

[4] **See Commonwealth v. Kloiber**, 106 A.2d 820, 826-27 (Pa. 1954).

[5] While Appellant's second PCRA petition was pending, Appellant also filed a *pro se* notice of appeal on November 28, 2022, purporting to be taken from an order entered on November 24 without specifying the year. **See** *Pro Se* Notice of Appeal, 11/28/22. This Court's Prothonotary assigned the docket number 3121 EDA 2022 to that appeal. On April 21, 2023, this Court quashed that appeal as having been taken from a purported order which had not been entered on the PCRA court's docket. **See** Order, 3121 EDA 2022, 4/21/23 (*per curiam*).

On January 21, 2024, Appellant filed an application for remand to the PCRA court to present a claim of after-discovered evidence. This Court deferred resolution of Appellant's application for remand to the present panel. *See* Order, 2/21/24 (*per curiam*).

On appeal, Appellant raises the following issues, which we restate as follows:

1. Trial counsel was ineffective for stipulating to the medical report authored by Dr. Freeswick during trial.

2. Trial counsel was ineffective for failing to object to **Brady** violations regarding a red hoodie sweatshirt and cell phone.

3. Trial counsel was ineffective for failing to cross-examine Ms. Carr about her past criminal record and character for untruthfulness

4. The trial court abused its discretion by admitting photographs of firearms found in a cell phone.

5. The trial court abused its discretion by admitting the cell phone and PCRA counsel was ineffective for failing to investigate this issue.

6. Trial counsel was ineffective for failing to request **Kloiber** instruction

Appellant's Rule 1925(b) Statement, 7/28/23, at 1-3 (unpaginated).[6]

_____

[6] We note that in the statement of questions presented in his brief, Appellant condensed these six issues into two issues. **See** Appellant's Brief at 7 (arguing that (1) the PCRA court erred by not granting relief on Appellant's claim of ineffective assistance of counsel and (2) the PCRA court erred by denying Appellant's petition without an evidentiary hearing). However, Appellant presents all six issues from his Rule 1925(b) statement in the argument section of his brief. **Id.** at 18-23. Pursuant to the Pennsylvania Rules of Appellate Procedure, the argument in Appellant's brief is required to be divided
*(Footnote Continued Next Page)*

- 6 -

**Jurisdiction**

Before we address the merits of Appellant's claims, we first address our jurisdiction to consider this appeal. ***See Commonwealth v. Liebensperger***, 904 A.2d 40, 43 (Pa. Super. 2006) (explaining that "appellate courts may raise the issue of jurisdiction *sua sponte*" (citation omitted)). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." ***Id.*** (citing, *inter alia*, Pa.R.Crim.P. 910). "An appellant has a period of thirty days after the entry of an order during which an appeal on that order can be taken." ***Id.*** (citing, *inter alia*, Pa.R.A.P. 903(a)).

"Generally, an appellate court cannot extend the time for filing an appeal." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007) (citing, *inter alia*, Pa.R.A.P. 105(b)). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." ***Id.*** This Court has held that a

---

into separate sections for each question presented. ***See*** Pa.R.A.P. 2119(a) (stating "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein"). Although we do not condone Appellant's failure to comply with our Rules of Appellate Procedure, we do not find that appellate review is completely precluded, and we will not quash the appeal. ***See*** Pa.R.A.P. 2101 (providing that if defects in the appellant's brief are substantial, the appeal or other matter may be quashed or dismissed); ***see, e.g.***, ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (declining to quash where arguments can reasonably be discerned from the defective brief).

court breakdown occurred where the PCRA court failed to advise a defendant of his appellate rights when dismissing a PCRA petition. *Liebensperger*, 904 A.2d at 44; *see also* Pa.R.Crim.P. 907(4) (stating that "[w]hen the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant . . . of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed").

Here, the PCRA court entered an order purporting to grant Appellant's second PCRA petition and reinstate Appellant's right to appeal *nunc pro tunc* from the PCRA court's June 1, 2022 order dismissing his first PCRA petition. *See* PCRA Ct. Order, 7/19/23; Notice of Appeal, 7/20/23, at 1 (unpaginated). However, our review of the record indicates that the PCRA court's June 1, 2022 order did not inform Appellant of his appellate rights nor the time limits in which Appellant had to file an appeal. *Compare* PCRA Ct. Order, 6/1/22 *with* Pa.R.Crim.P. 907(4). We observe that the PCRA court correctly reinstated Appellant's appellate rights *nunc pro tunc* in light of the above-described legal insufficiencies in the June 1, 2022 order which could have adversely impacted Appellant's right to appeal. *See Liebensperger*, 904 A.2d at 44. Therefore, we will address Appellant's claims.

**Stipulation to Medical Report**

In his first issue, Appellant argues that trial counsel was ineffective when

trial counsel stipulated to the information contained in Dr. Freeswick's[7] medical report. Appellant's Brief at 18. Appellant contends that trial counsel's decision to stipulate to this report was not a sound trial strategy "because it made the Commonwealth's burden of proof easier by allowing the introduction of prejudicial evidence against Appellant." *Id.* Appellant further claims that "when a person is on trial[,] they have the constitutional right to cross examine all witness, and not for any reason should a trial counsel's strategy" violate that right. *Id.*

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

We presume that a defendant's counsel was effective. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012). Moreover, it is well settled that "[c]ounsel cannot be deemed ineffective for failing to raise a meritless claim." *Id.* at 1118 (citations omitted).

_____

[7] Dr. Freeswick's first name does not appear in the certified record.

This Court has explained that

> to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> *    *    *
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered); *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (stating that where a petitioner "fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development" (citations and quotation marks omitted)).

The decision of whether to hold a PCRA evidentiary hearing is an exercise of discretion on the part of the PCRA court, and we review for an abuse of that discretion. *Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019).

It is well settled that

[t]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

\* \* \*

Generally, if there are factual issues to be resolved, the PCRA court should hold an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054-55 (Pa. Super. 2019)

(citations omitted and formatting altered).

This Court has explained:

The Rules of Appellate Procedure require that appellants adequately develop each issue raised with discussion of pertinent facts and pertinent authority. *See* Pa.R.A.P. 2119. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of an appellant's claim. Further, this Court will not become counsel for an appellant and develop arguments on an appellant's behalf.

*Commonwealth v. Samuel*, 102 A.3d 1001, 1005 (Pa. Super. 2014) (some citations omitted). When an appellant fails to present an adequately developed argument in an appellate brief, this Court may find that issue waived. *Id.*

In its Rule 1925(a) opinion, the PCRA court concluded that this claim was meritless because it lacked arguable merit and counsel had a reasonable

- 11 -

basis for stipulating to the medical report. *See* PCRA Ct. Op., 10/11/23, at 9-10.

Here, Appellant fails to cite any authority in support of this ineffectiveness claim in his appellate brief. Notably, Appellant does not discuss any of the Rules of Evidence governing authentication of evidence. This failure, by itself, is grounds for this Court to find waiver. *See Samuel*, 102 A.3d at 1005. Further, Appellant's claim that trial counsel's alleged error assisted the Commonwealth in meeting its burden of proof is merely a bald assertion of prejudice. Appellant has not explained why there is a reasonable probability that if trial counsel had not stipulated to this evidence, it would not have been admitted. *See Sandusky*, 203 A.3d at 1044. Because Appellant has failed to develop his argument for the arguable merit and prejudice prongs of the ineffectiveness standard, Appellant is not entitled to relief on this claim.[8] *See id.* at 1043-44; *see also Fears*, 86 A.3d at 804.

### Brady

In his second issue, Appellant argues that trial counsel was ineffective for failing to raise claims that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant's Brief at 18-19. Specifically,

---

[8] In its Rule 1925(a) opinion, the PCRA court concluded that this claim was meritless because it lacked arguable merit and counsel had a reasonable basis for stipulating to the medical report. *See* PCRA Ct. Op., 10/11/23, at 9-10. Therefore, even if Appellant had developed his claim of trial counsel's ineffectiveness for stipulating to Dr. Freeswick's report, we would affirm on the basis of the PCRA court's opinion. *See id.*

Appellant contends that "the Commonwealth committed a *Brady* violation when [it] presented testimony of Detective [Donald] Suchinsky regarding the discovery of a red hoodie sweatshirt and cell phone[]" because Appellant claims that the Commonwealth did not provide Appellant with a copy of the property receipt for these items prior to trial. *Id.* at 18-19. Appellant also claims that the Commonwealth committed a second *Brady* violation because it did not present the physical hoodie sweatshirt and cell phone at trial. *Id.* at 19. Appellant asserts that the police did not recover a hoodie sweatshirt from Appellant's mother's house. *Id.* at 19. Appellant argues that this allegedly undisclosed evidence "would have impeached the witnesses, the evidence was suppressed by the Commonwealth all throughout the trial, and . . . Appellant was certainly prejudiced as a result of the suppression because it strip[p]ed . . . Appellant of the right to a fair trial." *Id.* Therefore, Appellant concludes that trial counsel was ineffective for failing to raise these two *Brady* claims.

> Our Supreme Court has explained that
>
> [u]nder *Brady* and subsequent decisional law, a prosecutor has an obligation to disclose all exculpatory information material to the guilt or punishment of an accused, including evidence of an impeachment nature. To establish a *Brady* violation, an appellant must prove three elements:
>
> > (1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued.
>
> > \* \* \*

- 13 -

> ***Brady*** does not require the disclosure of information that is not exculpatory but might merely form the groundwork for possible arguments or defenses, nor does ***Brady*** require the prosecution to disclose every fruitless lead considered during a criminal investigation. The duty to disclose is limited to information in the possession of the government bringing the prosecution, and the duty does extend to exculpatory evidence in the files of police agencies of the government bringing the prosecution. ***Brady*** is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources.

***Commonwealth v. Roney***, 79 A.3d 595, 607-08 (Pa. 2013) (citations omitted and some formatting altered).

Here, the PCRA court concluded that this claim is meritless because Appellant failed to establish that the Commonwealth suppressed the red hoodie sweatshirt and cell phone, accordingly, he has failed to establish prejudice. ***See*** PCRA Ct. Op., 10/11/23, at 11-12, 17. Specifically, the PCRA court found that the red hoodie sweatshirt did not affect the outcome of the trial because the victim identified Appellant, wearing a **gray** hoodie sweatshirt, as one of the two men who robbed him. Further, Ms. Carr, Appellant's ex-girlfriend, identified Appellant as one of the robbers in a video of the incident. ***See id.*** at 11-12. Additionally, the PCRA court explained that the Commonwealth did not suppress the red hoodie sweatshirt and cell phone because Detective Suchinsky testified that police recovered these items during a search and recorded them on a property receipt. ***See id.*** at 17 (citing, *inter alia*, N.T. Trial, 7/31/14, at 131-32).

Our review of the record indicates that one day before the start of trial, Appellant's trial counsel litigated a motion to suppress the police recovery of

- 14 -

the cell phone and its contents, arguing that the search warrant affidavit of Detective Suchinsky lacked sufficient probable cause. The trial court denied the suppression motion. *See* N.T. Mot. Hr'g, 7/29/14, at 3-10. At trial, Detective Stephen Grace and Detective Suchinsky testified that the police recovered the red hoodie sweatshirt and cell phone during a search of Appellant's mother's residence where they also found paperwork with Appellant's name in the same room as those items. *See* N.T. Trial, 7/31/14, at 78-79, 131-32, 146-47. The police placed the red sweatshirt on a property receipt. *See id.* at 132, 145; N.T. Trial, 8/1/14, at 5-8. We note that the record is not clear as to whether Appellant's trial counsel did or did not receive this property receipt in discovery. Further, we observe that the record is not clear as to whether the cell phone which was the subject of the suppression motion litigated and denied before the trial court one day prior to trial was included on a property receipt.[9] Obviously, defense counsel was aware of the recovery of the subject cell phone in that counsel moved to suppress its recovery in the pretrial suppression motion. We further note on this record, that Appellant's trial counsel did not object, present any motion, nor jury instruction as to the omission of the cell phone from a police property receipt before the trial court. *See* N.T. Trial, 8/1/14, at 5-8.

In spite of the ambiguities in the record, it is apparent that even if the Commonwealth failed to disclose certain evidence related to the red hoodie

---

[9] The certified record does not contain property receipts for either the red hooded sweatshirt or the cell phone.

- 15 -

sweatshirt and the cell phone to Appellant prior to trial, Appellant has failed to establish the prejudice prong of his ineffectiveness claim. Appellant argues the bald assertion that this undisclosed evidence would have impeached the testimony of the Commonwealth's witnesses, therefore he was unfairly prejudiced and deprived of a fair trial. Appellant has not explained why there is a reasonable probability that if trial counsel had raised either of these alleged *Brady* claims, the outcome of the trial would have been different. Notably, we agree with the PCRA court that the red hoodie sweatshirt recovered from Appellant's mother's residence was not relevant as to Appellant because the victim testified that Appellant was wearing a light **gray** hoodie sweatshirt, and that Mr. Locke was wearing a red hoodie sweatshirt on the night of the robbery. *See* N.T. Trial, 7/31/14, at 127-29.

On this record, we discern no abuse of discretion or error of law in the PCRA court's conclusions. *See Sandusky*, 203 A.3d at 1043. As noted by the PCRA court, both the victim and Ms. Carr identified Appellant as one of the two perpetrators. In light of the overwhelming evidence presented at trial, Appellant has failed to establish prejudice, and is not entitled to relief on this claim. *See Roney*, 79 A.3d at 607-08; *see also Sandusky*, 203 A.3d at 1043-44.

### Cross-Examination

In his third issue, Appellant argues that trial counsel was ineffective for failing to cross-examine Ms. Carr about her reasons for cooperating with the police investigation of the shooting. Appellant's Brief at 19. Appellant

contends that Ms. Carr was in police custody in connection with an armed robbery when she gave a statement implicating Appellant. *Id.* Appellant claims that "[t]his was a critical fact" that should have been presented to the jury. *Id.*

Here, the PCRA court concluded that this claim lacked arguable merit. *See* PCRA Ct. Op., 10/11/23, at 13-14.

In his brief, Appellant fails to cite any legal authority or the record to support his claim that trial counsel was ineffective for failing to cross-examine Ms. Carr about the police investigation into her involvement with another robbery. Therefore, we conclude that Appellant has failed to properly develop this claim for review and is not entitled to relief on this claim.[10] *See Fears*, 86 A.3d at 804; *see also Sandusky*, 203 A.3d at 1043-44; *Samuel*, 102 A.3d at 1005.

**Admission of Photographs**

In his fourth issue, Appellant argues that the trial court abused its discretion by admitting "photographs of firearms that were found in a phone alleged to be connected to Appellant." Appellant's Brief at 19. Appellant contends that the error was not harmless, explaining that "[i]t cannot be

---

[10] In its Rule 1925(a) opinion, the PCRA court concluded that counsel had a reasonable strategic basis for this strategy because questioning Ms. Carr about whether she was a suspect in another robbery would also implicate Appellant in that other robbery. *See* PCRA Ct. Op., 10/11/23, at 13-14. Therefore, even if Appellant had developed his claim of trial counsel's ineffectiveness for failing to cross-examine Ms. Carr, we would affirm on the basis of the PCRA court's opinion. *See id.*

speculated what piece of evidence plants the seed of reasonable doubt in the minds of the jury, and therefore PCRA counsel's argument that the error was harmless is not true." *Id.* at 20.

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265-66 (Pa. 2014) (citation omitted); *see also* 42 Pa.C.S. § 9543(a)(3) (stating that in order to eligible for relief, the petitioner must plead and prove "the allegation of error has not been previously litigated or waived"). A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial . . . [or] on appeal . . . ." 42 Pa.C.S. § 9544(b). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." *Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) (citation omitted); *see also Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (stating that "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)" (citation omitted)).

Here, Appellant could have, but did not, raise this claim that the trial court erred in admitting in the photographs on direct appeal. Therefore, this claim is waived on PCRA review. *See Reyes-Rodriguez*, 111 A.3d at 780;

*Price*, 876 A.2d at 995; 42 Pa.C.S. § 9544(b).  Appellant is not entitled to relief on this claim.

### Admission of Cell Phone

Next, Appellant raises multiple issues relating to the admission of evidence recovered from a cell phone.  Specifically, Appellant argues that

> (1) there was no cell phone in discovery or any photos of the cell phone; (2) even if a cell phone was recovered, there is no proof that the phone belonged to Appellant because four other people with cell phones lived in the home; (3) there must be an expert witness to testify to the facts of how the evidence was retrieved from the phone and the authenticity; (4) PCRA counsel did not properly investigate the phone issue because he would have found the phone does not belong to the Appellant; and (5) Detective Suchinsky did not have a proper warrant to search any cell phone pertaining to the investigation of the Appellant.

Appellant's Brief at 20.

Our Supreme Court has held that after a PCRA court denies relief in a timely filed first PCRA petition a PCRA petitioner may, after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal.  ***See Commonwealth v. Bradley***, 261 A.3d 381, 405 (Pa. 2021).

> The PCRA court explained:
>
> This is essentially five sub-issues relating to the cell phone, only one of which seems to be an ineffective assistance of counsel claim.  This claim is without merit because [Appellant] cannot show how he was prejudiced, nor does he even mention how he was prejudiced.

*    *    *

The jury was free to believe all, part or none of the testimony of the detectives concerning who the cell phone belonged to, based on the circumstantial evidence presented to them regarding its ownership and authenticity. None of these claims have merit.

PCRA Ct. Op., 10/11/23, at 18-19 (some formatting altered).

We agree with the trial court that four of the five sub-issues that Appellant presents do not relate to the ineffective assistance of counsel. Because Appellant did not raise these issues regarding the admissibility of the cell phone and related evidence on direct appeal, they are waived for PCRA review. *See Reyes-Rodriguez*, 111 A.3d at 780; *Price*, 876 A.2d at 995; 42 Pa.C.S. § 9544(b).

As for Appellant's claim that PCRA counsel was ineffective for failing to investigate these issues related to the cell phone, Appellant has not developed his argument with citations to relevant authorities or to the record. Further, Appellant has failed to present any argument regarding the reasonable basis and prejudice prongs of the ineffectiveness standard. For the foregoing reasons, Appellant has waived this claim and is not entitled to relief on this claim. *See Fears*, 86 A.3d at 804; *see also Sandusky*, 203 A.3d at 1043-44; *Samuel*, 102 A.3d at 1005.

### *Kloiber* Instruction

In his sixth issue, Appellant, argues that trial counsel was ineffective for failing to request a *Kloiber* instruction regarding the testimony of the victim and Ms. Carr. Appellant's Brief at 20-21. Appellant concludes that "[t]rial counsel's inactions were not grounded on any reasonable basis to effectuate

Appellant's interests and the outcome would likely of [sic] been different but for counsel's inaction." *Id.* at 21.

Our Supreme Court has explained that "issues not raised in PCRA petition cannot be considered for first time on appeal[.]" *Commonwealth v. Williams*, 899 A.2d 1060, 1066 n.5 (Pa. 2006) (citation omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); Pa.R.Crim.P. 902(B) (stating that the "[f]ailure to state such a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief").

The PCRA court observed that "[t]his appears to be the first time this issue is being raised." PCRA Ct. Op., 10/11/23, at 19. The PCRA court also concluded that this issue was meritless because the victim had the opportunity to view Appellant in close proximity and Appellant was not wearing any covering on his face and because Ms. Carr had previously knowledge of Appellant. *See id.* at 19-20.

Our review of the record indicates that Appellant first raised his claim that his trial counsel was ineffective for failing to request a *Kloiber* instruction in his second *pro se* PCRA petition. *See Pro Se* PCRA Pet., 7/11/22, at 3-6. Appellant did not include this claim in his first PCRA petition, which is the subject of this appeal. *See Pro Se* PCRA Pet., 6/21/18, at 1-10. Therefore, Appellant's claim, is waived for appeal. *See Johnson*, 179 A.3d at 1157; *Markowitz*, 32 A.3d at 713 n.5.

- 21 -

For the reasons stated above, we conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without a hearing. *See Maddrey*, 205 A.3d at 327; *Sandusky*, 203 A.3d at 1043. Accordingly, we affirm the PCRA court's order.

## Application for Remand

Lastly, we address Appellant's application for remand in which Appellant asserts that he has "recently discovered evidence that" Detective Suchinsky was the subject of a misconduct hearing in connection with an unrelated case in 2002, which occurred twelve years prior to Appellant's trial. Appl. for Remand, 1/21/24, at 1-2. Appellant claims that he obtained this evidence after the PCRA court dismissed his PCRA petition and he filed the instant appeal but does not specify exactly when he obtained this information. Appellant contends that after the misconduct hearing Detective Suchinsky was found to have made false entries in police reports and records in an unrelated case. *Id.* at 2. Appellant argues that Detective Suchinsky testified falsely at his trial. *Id.* at 3. Appellant requests that this Court remand this matter to the PCRA court so Appellant can file a new PCRA petition raising a claim of after-discovered evidence based on Detective Suchinsky's misconduct. *Id.*

Our Supreme Court has held that

when [a defendant's] PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the

petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies.

*Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (footnote omitted), *overruled in part by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020).

This Court has explained:

Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in Section 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented.

*Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa. Super. 2019) (citations omitted).

Therefore, we conclude that remand is not necessary here because Appellant can present his after-discovered evidence claim to the PCRA court in the first instance via a subsequent PCRA petition after the appeal process is complete. *See Lark*, 746 A.2d at 588; *Beatty*, 207 A.3d at 963. Therefore, we deny Appellant's application for remand. *See Lark*, 746 A.2d at 588; *Beatty*, 207 A.3d at 963.

Order affirmed. Application for remand denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/21/2024

- 23 -